PEOPLE *v.* BOSCA

1. INDICTMENT AND INFORMATION—SECOND OFFENSE.

An information charging the defendant as a second offender with driving a motor vehicle while he was under the influence of intoxicating liquor was not defective on the grounds that the information would require the prosecution to introduce evidence of the defendant's prior conviction and that the first conviction is not an element of the current offense because the earlier conviction must be charged and proved before the defendant's punishment can be enlarged, as required by statute.

2. CRIMINAL LAW—SECOND OFFENSE—ORDER OF PROOF.

Steps must be taken to avoid placing before the jury before it decides the defendant's guilt of the currently-charged offense the fact that it is charged that he has a prior conviction of driving a motor vehicle while under the influence of intoxicating liquor; such evidence is not admissible in the trial of a defendant charged as a second offender for that crime until the trier of fact has first determined whether the defendant is guilty of the current offense; if the first conviction were admissible before the trier of fact had determined whether the defendant was guilty of the current offense, the defendant might be prejudiced.

Appeal from Wayne, Cornelia G. Kennedy, J. Submitted Division 1 May 13, 1970, at Detroit. (Docket No. 7,666.) Decided July 29, 1970.

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 316
   41 Am Jur 2d, Indictments § 276.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 24.

John Leon Bosca, Jr., was charged with driving a motor vehicle under the influence of intoxicating liquor as a second offense. Defendant's motion to quash information denied. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Smith, Bokos & Jones,* for defendant.

Before: R. B. Burns, P. J., and Levin and Churchill,* JJ.

Levin, J. The defendant, John Leon Bosca, Jr., appeals, on leave granted, from a denial of his motion to quash an information filed against him.

The information charges that on March 12, 1968 Bosca was driving a motor vehicle under the influence of intoxicating liquor, and that on January 30, 1967 he had been convicted of the same offense.

The motor vehicle code[1] provides that a person convicted of driving under the influence of intoxicating liquor may be imprisoned for not more than 90 days or fined not more than $100, or both; and that on a second conviction the offender may be imprisoned for not more than one year and fined not more than $1,000.

Bosca's motion contends that the information filed against him is faulty because it alleges the commission of the previous offense, thereby both requiring and giving the people an opportunity to introduce at his trial on the currently-charged offense evidence

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 257.625 (Stat Ann 1968 Rev § 9.2325).

of his earlier conviction for driving under the influence of intoxicating liquor. He relies on *People* v. *Mellor* (1942), 302 Mich 537, where, in construing the language of this statute,[2] the Court said (p 540) : "The prior offense is not an element of the instant offense."

The trial judge ruled, we think correctly, that the information is not defective in charging both the current offense and the earlier conviction.

In *People* v. *Miller* (1959), 357 Mich 400, another case where the defendant was convicted of driving under the influence of intoxicating liquor as a second offense, the people proved the earlier conviction and the court instructed the jury that it must find that the defendant was the same person who was earlier convicted. The Supreme Court ruled (p 410) : "In this procedure there was no error".

In *Miller* the Court made no reference to its earlier decision in *Mellor.* The holdings in the two cases are not inconsistent. In *Mellor* the defendant claimed that because his first conviction preceded his second conviction by more than six years, the statute of limitations had run and he could not be sentenced as a second offender. The court's statements, in rejecting this contention, that the "former conviction was merely an additional fact or circumstance to be considered in imposing a severer penalty for the second conviction" and that "the prior offense is not an element of the instant offense," cannot properly be read as negating the need both to charge and prove, as was done in *Miller,* the earlier conviction before the punishment for the currently-

[2] In *Mellor* the defendant was convicted of violating CL 1929, § 4695, as amended by PA 1939, No 318, CLS 1940, § 4695 (Stat Ann 1941 Cum Supp § 9.1563), and was sentenced pursuant to CL 1929, § 4746, as amended by PA 1939, No 318, CLS 1940, § 4746 (Stat Ann 1941 Cum Supp § 9.1615) as a second offender. The language of the present statute (see footnote 1 for citation) parallels in pertinent part the statutory provisions construed in *Mellor.*

charged offense can be enhanced. The currently-charged offense can in truth be charged and proved without reference to the earlier conviction. In that sense the earlier conviction is not, as said in *Mellor*, an element of the "instant [or current] offense." But, nevertheless, before a defendant's punishment for the current offense can be enlarged, the earlier conviction must be charged[3] and proved.

While we have rejected the defendant's principal contention that the information is defective, we agree with his alternative contention that the people should not be permitted to introduce evidence of the alleged January 30, 1967 conviction until the trier of fact decides whether the defendant was, as charged in the information, driving under the influence of intoxicating liquor on March 12, 1968.[4]

In *People* v. *Burd* (1965), 1 Mich App 178, leave to appeal denied by the Michigan Supreme Court October 2, 1965, we ruled that the information filed in that case (p 183) "should be amended so as to insure that it will not place before the jury the accused's past criminal record prior to the jury's finding of guilt or innocence of the charge of escaping prison."[5] Burd had been charged with the crime of escaping prison as a second felony. He successfully contended that to charge him with that felony and as a habitual criminal in the same information would deprive him of the presumption of innocence on the

---

[3] Without such notice a defendant would not know whether the punishment which he faces upon a conviction is that which may be meted out to first offenders (90 days and $100) or second offenders (1 year and $1,000). A defendant needs this information, not only to decide whether it is in his interest to plead guilty but also in deciding whether to engage an attorney and the vigor of the defense which he may wish to put forth.

[4] At the hearing on the defendant's motion the defendant's alternative contention was argued but not decided, the trial judge saying that she preferred to leave the procedural matters to the judge who tries the case.

[5] See, also, *People* v. *Smith* (1941), 296 Mich 176, 180, 181.

prison escape charge by placing his previous felony conviction before the jury before his conviction on the current charge.

We think that the underlying premise of the *Burd* decision—avoidance of unnecessary prejudice—requires, in fairness to the accused, that also in cases where a person is charged with the offense of driving under the influence of intoxicating liquor as a second or subsequent offense that steps should be taken to avoid placing before the jury his past criminal record before a verdict is rendered on the currently charged offense.

In *People* v. *Stratton* (1968), 13 Mich App 350, we reviewed the practice, adopted after *Burd* was decided, in Jackson County of charging escape from prison as a second or subsequent offense. It is to charge that the accused person has a prior felony record in a supplemental information filed with the information charging the current offense. At the trial of the current offense, only the information charging that offense is read to the jury. If the defendant is convicted, then, without impaneling a new and separate jury, the court proceeds immediately to cause the supplemental information charging the now convicted defendant with having a prior felony record to be read to the jury which has just convicted him and tries the issue whether the person so convicted of the current offense has, in fact, been convicted of a prior felony as alleged in the supplemental information.

In *Stratton* we approved this procedure and held that a new and separate jury need not be impaneled on the recidivist issue unless the judge, in the exercise of his discretion, concludes that the jury's resolution of the question whether the accused person was the person earlier convicted will be prejudiced

by its knowledge of the detailed evidence supporting the current conviction.

We do not mean to be understood as saying that the Jackson County procedure must be followed in charging and trying driving under the influence of intoxicating liquor cases. Other procedures may serve as well as long as they are consistent with the objective of keeping from the jury the earlier conviction until the current charge is decided.

Affirmed.

All concurred.