PEOPLE *v.* GRADES

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—NARCOTICS—
   ILLEGAL POSSESSION.
     A plea of guilty of the illegal possession of narcotics is not in-
       valid on the sole ground that it was entered to avoid the
       possibility of receiving the 20-year-minimum sentence upon
       conviction of the illegal sale of narcotics (MCLA § 335.153).

2. CRIMINAL LAW—NARCOTICS—ILLEGAL POSSESSION—SCIENTER.
     Defendant's conviction of possession of narcotics was not affected
       by defendant's contention that the statute prohibiting pos-
       session of narcotics without a license is unconstitutional because
       it does not specifically provide for scienter as a necessary
       element where the record reveals that the defendant knew
       he was in possession of marijuana (MCLA § 335.153).

Appeal from Ingham, Marvin J. Salmon, J. Sub-
mitted Division 2 July 6, 1971, at Grand Rapids.
(Docket No. 10110.) Decided July 29, 1971.

Ronald Lee Grades was convicted, on his plea of
guilty, of the illegal possession of narcotics. De-
fendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Scodel-
ler,* Prosecuting Attorney, and *James R. Ramsey,*
Assistant Prosecuting Attorney, for the people.

*James Theophelis,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error §§ 761, 762.

Before: T. M. Burns, P. J., and Fitzgerald and Holbrook, JJ.

Per Curiam. Defendant was charged with the sale of narcotics contrary to MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122) and possession of narcotics contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). He entered a plea of guilty to the possession charge and was sentenced. Defendant's motion to withdraw the plea was denied. This appeal followed.

Defendant's first contention is that his plea was involuntary because he only pled guilty to possession in order to avoid the possibility of the 20-year minimum sentence were he convicted on the sales count. This fact alone does not make defendant's plea involuntary. *Brady* v. *United States* (1970), 397 US 742 (90 S Ct 1463, 25 L Ed 2d 747). A review of the record convinces us that defendant's plea was otherwise knowingly, intelligently, understandingly, and voluntarily entered.

Secondly, defendant contends that MCLA § 335-.153 is unconstitutional because it does not specifically provide for *scienter* as a necessary element. However, it is clear from defendant's responses to the trial court's questioning that he knew marijuana was in his possession and that it was indeed marijuana. Accordingly, whether or not the statute specifically or impliedly requires scienter as a necessary element, it could not affect the instant defendant's plea. Therefore, this allegation also is without merit.

The motion to affirm is granted.