PEOPLE v LAWRENCE

1. STATUTES—CONSTRUCTION—DRIVING UNDER THE INFLUENCE OF AL-
COHOL—DRIVING WHILE IMPAIRED—SECOND OFFENSE.

A conviction of a defendant under the second offense provision of
the statute which proscribes driving while visibly impaired,
where his first conviction was for operating a motor vehicle
while under the influence of alcohol, was proper; when inter-
preting statutes relating to the same subject matter or having
the same general purpose although containing no reference to
each other, they should be construed together (MCLA 257.625a,
257.625b[b]).

2. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.

The purpose of the Legislature must be effectuated and other
rules of construction serve only as a guide in ascertaining that
intent, when interpreting statutes.

3. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT—SECOND OFFENSE
—DRIVING UNDER THE INFLUENCE OF ALCOHOL—DRIVING WHILE
IMPAIRED.

The spirit and purpose of a statute should prevail over its strict
letter; therefore, although the Legislature did not specifically
state that a previous conviction of driving under the influence
of alcohol could be utilized to convict under the second offense
provision of the impaired driving statute, the apparent purpose
of the Legislature in adopting the second offender provisions
was to deter persons who were once convicted under those
statutes from repeatedly violating them (MCLA 257.625a,
257.625b[b]).

Appeal from Recorder's Court of Detroit, An-
drew C. Wood, J. Submitted Division 1 May 9,
1974, at Detroit. (Docket No. 16056.) Decided June
24, 1974.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 73 Am Jur 2d, Statutes §§ 272, 275.

Clifford Thomas Lawrence, Jr., was convicted under the subsequent offender provision of the statute which proscribes driving while visibly impaired. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant.

Before: BASHARA, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

BASHARA, J. Defendant was convicted under the second offender statute contrary to MCLA 257.625b(b); MSA 9.2325(2)(b), driving while visibly impaired. He had previously been found guilty of operating a motor vehicle while under the influence of alcohol. MCLA 257.625a; MSA 9.2325(1). He appeals to this Court as a matter of right.

The sole issue presented is whether a defendant can be convicted under the subsequent offender provision of MCLA 257.625b(b) when he has been first convicted of driving under the influence of alcohol but is later convicted of driving while visibly impaired.

Defendant argues that in a second offender prosecution under MCLA 257.625b (b); MSA 9.2325(2) (b) a conviction cannot be upheld unless the prior offense was also driving while visibly impaired. Defendant adopts a literal interpretation of the above statute which reads:

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Any person convicted of a violation of this section may be imprisoned in the county jail for not more than 90 days or fined not more than $100.00, or both, together with costs of the prosecution. On a second and subsequent conviction under this section or a local ordinance substantially corresponding thereto, he may be imprisoned for not more than 1 year or fined not to exceed $1,000.00, or both. The division of driver and vehicle services, within 10 days after the receipt of a properly prepared abstract, shall record 4 points for each conviction under this section."

This Court declines to adopt defendant's narrow interpretation. Both of the sections involved, driving while under the influence of intoxicants and driving while impaired, prescribe additional sanctions for repeated violations of each section. When interpreting statutes relating to the same subject matter, or having the same general purpose, although containing no reference to each other they should be construed together. *Detroit v Michigan Bell Telephone Co,* 374 Mich 543; 132 NW2d 660 (1965).

At first glance, these sections would indicate that to convict, as a subsequent offender, the defendant must have been previously convicted of precisely the same offense. However, when interpreting statutes, the purpose of the legislature must be effectuated and other rules of construction serve only as a guide to ascertaining that intent. *People v Pichitino,* 337 Mich 90; 59 NW2d 100 (1953); *Dussia v Monroe County Employees Retirement System,* 386 Mich 244; 191 NW2d 307 (1971).

The apparent purpose of the legislature in adopting the second offender provisions was to deter persons who were once convicted under those statutes from repeatedly violating them. Although the legislature did not specifically state that a previous conviction under MCLA 257.625a could

be utilized to convict under MCLA 257.625b (b) the spirit and purpose of a statute should prevail over its strict letter. *Aikens v Department of Conservation,* 387 Mich 495; 198 NW2d 304 (1972); *People v Adams,* 34 Mich App 546; 192 NW2d 19 (1971). We therefore hold that for purposes of MCLA 257.625b(b) a prior conviction for driving under the influence of alcohol may be considered in determining whether a defendant is a subsequent offender.

Affirmed.

All concurred.