PEOPLE v PIPKIN

Docket No. 44673. Submitted October 9, 1979, at Detroit.—Decided November 20, 1979.

Defendant, Charles R. Pipkin, was charged with a third violation of the statute prohibiting driving under the influence of intoxicating liquor (DUIL). Prior to trial, defendant moved the court to determine whether the jury would be instructed on the lesser included offense of driving while visibly impaired due to the consumption of alcohol (DWI). The charge brought against defendant required a bifurcated trial first to determine defendant's guilt or innocence on the presently charged offense and then, if found guilty, to determine whether he has been convicted of the same offense twice before within ten years. The Monroe Circuit Court, James J. Kelly, J., determined that the *Chamblis* rule, which prohibits an instruction on a lesser included offense for which the maximum allowable incarceration period is one year or less in a case wherein the charged offense is punishable by incarceration for more than two years, applied and certified the question. Defendant appeals by leave granted. *Held:*

. The *Chamblis* rule does not apply to the first part of the bifurcated trial on the charge of DUIL-third offense. In such a trial the court must instruct on DWI upon request.

Reversed and remanded.

CRIMINAL LAW — INSTRUCTIONS TO JURY — LESSER INCLUDED OFFENSES — DRIVING UNDER THE INFLUENCE — DRIVING WHILE IMPAIRED.

The rule prohibiting an instruction on a lesser included offense for which the maximum allowable incarceration period is one year or less in a case wherein the charged offense is punishable by incarceration for more than two years is not applicable to the first phase of a bifurcated third-violation driving under the influence of intoxicating liquor trial and does not preclude a jury instruction on driving while visibly impaired.

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 876.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Michael W. Labeau,* Prosecuting Attorney, and *William Godfroy,* Assistant Prosecuting Attorney, for the people.

*Thomas P. Russow,* for defendant.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and MacKENZIE, JJ.

MacKENZIE, J. Defendant was charged with a third violation of the statute which prohibits driving under the influence of intoxicating liquor (DUIL), MCL 257.625; MSA 9.2325. Prior to trial, the defendant moved the court to determine whether the jury would be instructed on the lesser included offense of driving while one's ability is visibly impaired due to the consumption of intoxicating liquor (DWI), MCL 257.625b; MSA 9.2325(2), during the first part of the bifurcated trial which is required under the charge brought against the defendant.

Pursuant to the prohibition contained in *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), the lower court determined that an instruction as to the lesser included offense of DWI was not permitted.

On April 12, 1979, the lower court certified that the order embodying the foregoing determination involved a controlling question of law as to which there are substantial grounds for difference of opinion. GCR 1963, 806.3(1)(a)(ii). Defendant brings this appeal pursuant to leave granted.

The question presented for our consideration is whether the *Chamblis* rule, which prohibits an instruction on a lesser included offense for which the maximum allowable incarceration period is one year or less in any case wherein the charged

offense is punishable by incarceration for more than two years, should be applied in the first phase of a bifurcated DUIL third-violation trial to preclude an instruction on DWI. We hold that it should not.

Pursuant to MCL 257.625; MSA 9.2325, driving while under the influence of intoxicating liquor is prohibited. The Legislature has enunciated a graduated punishment scheme for violations of this statute. A first conviction for DUIL carries a penalty of not more than 90 days imprisonment and/or a fine of not less than $50 nor more than $100, together with costs of prosecution. Upon a second conviction for DUIL, the defendant is deemed guilty of a misdemeanor punishable by imprisonment for not more than one year and, in the discretion of the court, a fine of not more than $1,000. Upon a third or subsequent conviction within a period of ten years, the defendant is deemed guilty of a felony. MCL 257.625(c); MSA 9.2325(c). The felony carries a penalty of not less than one year nor more than five years imprisonment and/or a fine of not less than $500 nor more than $5,000. MCL 257.902; MSA 9.2602.

By statute and case law, DWI is a lesser included offense of DUIL. MCL 257.625b(a); MSA 9.2325(2)(a), *People v Lambert,* 395 Mich 296, 305; 235 NW2d 338 (1975). Multiple convictions for DWI similarly result in increased punishment. A first conviction for DWI is punishable by imprisonment for not more than 90 days and/or a fine of not more than $100, together with costs of prosecution. A second or subsequent conviction is punishable by imprisonment for not more than one year and/or a fine not to exceed $1,000. MCL 257.625b(b); MSA 9.2325(2)(b).

As can be seen, strict application of the *Cham-*

*blis* rule would prohibit an instruction on DWI in the present case. DUIL, third violation, the charged offense, is punishable by incarceration for more than two years. DWI is a lesser included offense, the punishment for which does not exceed one year. Such strict application, however, is not here appropriate.

In a DUIL third-violation jury trial, the defendant is entitled to a bifurcated proceeding. In the first phase of the trial, the jury is required to determine the defendant's guilt or innocence with respect to the current DUIL offense. In order to ensure that the jury will not be prejudiced against the defendant, they are not permitted at this stage to know of the defendant's prior convictions. If the defendant is convicted, the second stage of the trial is held to determine whether the defendant has been convicted of the same offense twice before within ten years. See *People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970).

Thus, as a practical matter, in the first stage of the bifurcated proceeding, the defendant is in effect charged not with DUIL third-violation, an offense punishable by greater than two years imprisonment, but rather with simply DUIL, an offense not punishable by greater than two years imprisonment. Accordingly, a necessary precondition to the application of the *Chamblis* rule, a charged offense for which the maximum allowable incarceration period is greater than two years, is not here present. The *Chamblis* rule is inapplicable. The trial court, in the first stage of a DUIL third-violation trial, must, upon the defendant's request, instruct on DWI.

The remaining questions raised by the defendant have not yet been presented to the trial court. It is axiomatic that this Court will not pass upon questions not decided by the lower court.

The lower court is reversed. The case is remanded for a bifurcated trial pursuant to *People v Bosca, supra.* During the first stage of the trial, the lower court is directed to instruct on the lesser included offense of DWI.