PEOPLE v HAROLD JOHNSON

Docket No. 45033. Submitted February 13, 1980, at Lansing.—Decided
April 3, 1980.

Harold D. Johnson was convicted of driving under the influence
of intoxicating liquor-third offense, Washtenaw Circuit Court,
Ross W. Campbell, J. The defendant appeals, alleging that the
trial court erred reversibly in refusing to instruct the jury, as
requested by the defendant, on the lesser included offense of
the misdemeanor of driving while visibly impaired and that the
prosecution, in the second phase of the bifurcated proceeding,
failed to establish the defendant's two prior convictions for
driving under the influence. *Held:*

1. The trial court erred in refusing to give the requested
instruction on the lesser included offense of driving while
impaired. The rule prohibiting an instruction on a lesser in-
cluded offense for which the maximum allowable incarceration
period is one year or less in a case wherein the charged offense
is punishable by incarceration for more than two years is not
applicable to the first phase of a bifurcated trial for driving
under the influence of intoxicating liquor, third violation, and
does not preclude a jury instruction on driving while visibly
impaired.

2. At the second phase of a trial on a charge of driving under
the influence of intoxicating liquor-third offense, the prosecu-
tion must prove both the fact of the alleged prior convictions
and the identity of the defendant as the person who had
committed those previous offenses. In the instant case the
prosecution adequately established the two prior convictions by
introducing into evidence certified copies of two prior convic-
tions bearing the seal of the respective courts in which the
convictions occurred. The prosecution sought to establish the
defendant's identity as the same defendant in the prior convic-
tions by matching his vital statistics with those appearing in

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobiles and Highway Traffic § 257.
    75 Am Jur 2d, Trial §§ 880, 881.
[2] 7 Am Jur 2d, Automobiles and Highway Traffic § 330.
    30 Am Jur 2d, Evidence § 1175.

the court records for the previous convictions. This, combined with the fact that the same name appeared for the defendant as was used in the previous convictions, was sufficient, as a matter of law, on the element of identity.

Reversed and remanded for a new trial.

1. Criminal Law — Instructions to Jury — Lesser Included Offenses — Driving Under the Influence — Driving While Impaired.

The rule prohibiting an instruction on a lesser included offense for which the maximum allowable incarceration period is one year or less in a case wherein the charged offense is punishable by incarceration for more than two years is not applicable to the first phase of a bifurcated trial for driving under the influence of intoxicating liquor, third violation, and does not preclude a jury instruction on driving while visibly impaired.

2. Criminal Law — Driving Under the Influence — Third Violation — Prior Convictions — Evidence — Statutes — Court Rules.

The prosecution in the second phase of a bifurcated trial for driving under the influence of intoxicating liquor-third violation must prove both the fact of the alleged prior convictions for driving under the influence of intoxicating liquor and the identity of the defendant as the person who committed those previous offenses; each element must be proven beyond a reasonable doubt; on the element of the fact of the defendant's prior convictions, a certified and sealed copy of a court record of conviction is prima facie evidence that such conviction was rendered; on the element of identity, the general common-law rule is that sufficient evidence is offered to discharge the prosecution's burden of proof where either direct or circumstantial evidence is offered to show that the person named in the former convictions and the defendant on trial are one and the same (MCL 257.625, 600.2106; MSA 9.2325, 27A.2106, MRE 902[4]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *James S. Sexsmith,* Assistant Prosecuting Attorney, for the people.

*Law Offices of Gerald D. Grohnert* (by *William A. Tanoury),* for defendant on appeal.

Before: J. H. Gillis, P.J., and Allen and M. J. Kelly, JJ.

Per Curiam. In the first phase of a bifurcated trial for a charge of driving under the influence of intoxicating liquor, third violation, conducted pursuant to MCL 257.625; MSA 9.2325, must the trial court, on request of counsel, instruct the jury on the lesser included offense of the misdemeanor of driving while visibly impaired, MCL 257.625b; MSA 9.2325(2), which carries a maximum penalty of 90 days, or is such requested instruction precluded by *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975)? In the second phase of such a trial is it sufficient if the prosecution offers certified copies of two prior convictions for driving under the influence of intoxicating liquor, bearing the seal of the respective courts in which the convictions occurred? These two questions come to us on the following facts.

On September 29, 1978, defendant was arrested on a charge of driving under the influence of liquor and was eventually charged and arraigned on the charge of driving under the influence of liquor-third offense, MCL 257.625(c); MSA 9.2325(c). Trial by jury proceeded January 18, 1979, in the approved method of bifurcation under which the jury is presented with evidence of driving under the influence of liquor without the jury being informed that this would be a third offense. The two arresting officers testified for the people concerning defendant's driving behavior on the night of the arrest. Defendant testified as to the reason for his behavior and offered the corroborating testimony of his wife. At the conclusion of proofs and closing arguments, the trial court refused to instruct the jury on the lesser included offense of driving while visibly impaired despite a

request for the instruction by defense counsel. The jury returned a verdict of guilty of driving under the influence of liquor.

After the verdict, the second trial commenced before the same jury. The prosecution offered in evidence only the certified copies of the judgments of conviction in the prior trials. The defendant did not testify and the trial judge instructed the jury with regard to the proof required and the standard of reasonable doubt. The jury returned a verdict of guilty as charged of driving under the influence-third offense. April 13, 1979, defendant was sentenced to prison for two years, eight months to four years. He appeals of right.

I

The identical issue raised as question one in the instant case was addressed in *People v Pipkin,* 93 Mich App 817; 287 NW2d 352 (1979). In an opinion written by Judge MACKENZIE, our Court held that the *Chamblis* rule does not apply and, thus, when requested in the first stage of a DUIL-third violation trial, a driving while visibly impaired (DWI) instruction must be given.

"In a DUIL third-violation jury trial, the defendant is entitled to a bifurcated proceeding. In the first phase of the trial, the jury is required to determine the defendant's guilt or innocence with respect to the current DUIL offense. In order to ensure that the jury will not be prejudiced against the defendant, they are not permitted at this stage to know of the defendant's prior convictions. If the defendant is convicted, the second stage of the trial is held to determine whether the defendant has been convicted of the same offense twice before within 10 years. See *People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970).

"Thus, as a practical matter, in the first stage of the

bifurcated proceeding, the defendant is in effect charged not with DUIL third-violation, an offense punishable by greater than two years imprisonment, but rather with simply DUIL, an offense not punishable by greater than two years imprisonment. Accordingly, a necessary precondition to the application of the *Chamblis* rule, a charged offense for which the maximum allowable incarceration period is greater than two years, is not here present. The *Chamblis* rule is inapplicable. The trial court, in the first stage of a DUIL third-violation trial, must, upon the defendant's request, instruct on DWI." 93 Mich App 817, 820.

We are persuaded by *Pipkin* and, accordingly, reverse and remand for a new trial. In no way should our decision be taken as faulting the trial court, which at the time of trial in January, 1979, did not have the benefit of *Pipkin* or *People v Miller*, 406 Mich 244; 277 NW2d 630 (1979).[1]

## II

The issue presented in defendant's second question is of first impression and will necessarily be raised again on retrial. Accordingly, we address it even though our decision on question one, *supra,* makes it unnecessary to do so. It is claimed that the trial court erred because the prosecution did not offer evidence other than the certified copies of the prior judgments that the person convicted of the two prior judgments was the same person on trial in the present case. According to defendant,

---

[1] *Miller* was decided May 1, 1979, and held that *Chamblis* would not preclude giving an instruction on a lesser included misdemeanor offense where the difference between the offense charged and the misdemeanor was the difference in market value of the alleged stolen property. In the instant case, defendant argues that since the difference between DUIL and DWI is only the degree of intoxication, *People v Lambert,* 395 Mich 296, 305; 235 NW2d 338 (1975), the *Miller* exception to *Chamblis* should govern. Our reliance on *Pipkin* makes it unnecessary to rule on this issue.

the situation is analogous to the burden of proof required in habitual offender prosecutions.

Under the habitual offender statute, the prosecution must prove both the fact of the alleged prior conviction and the identity of the defendant as the person who had committed those previous offenses. *People v Covington,* 70 Mich App 188, 191; 245 NW2d 558 (1976), *lv den* 402 Mich 843 (1977). Though a sentence enhancement provision and not a substantive offense, each of the elements of the statute must be established by the prosecution beyond a reasonable doubt. *People v Covington, supra,* 191, *People v Stevens,* 88 Mich App 421, 426; 276 NW2d 910 (1979). In *Covington,* this Court found that these two elements were sufficiently established as a matter of law where, in addition to offering into evidence certified copies of the prior convictions, the prosecution presented testimony from a fingerprint expert who had compared fingerprints on the cards of the prior convictions with the fingerprints of defendant in the case on trial and found them the same. Defendant argues that the same standard of proof is applicable in proving the elements of a DUIL-third offense charge at the second phase of the bifurcated trial. We agree.

At the second phase of a DUIL-third offense charge, the prosecution must prove both the fact of the alleged prior convictions under MCL 257.625; MSA 9.2325, and the identity of the defendant as the person who had committed those previous offenses. MCL 257.625(c); MSA 9.2325(c), *People v Miller,* 357 Mich 400, 409-410; 98 NW2d 524 (1959), *cf., People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970). In addition, for the same reasons given in *Covington* and *Stevens, supra,* concerning the habitual offender statute, each of the elements

of the statute must be established by the prosecution beyond a reasonable doubt.[2] See *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979). There must be sufficient evidence to permit a rational trier of fact to find that the essential elements of the statute were proven beyond a reasonable doubt. *Id.*

Of course, it would be impossible to catalogue all of the various methods and types of evidence which would suffice, under the above standard, to sustain a judgment of a DUIL-third offense charge as a matter of law. Still, on the element of the fact of the defendant's prior convictions, we note that a certified and sealed copy of a court record of conviction is prima facie evidence that such conviction was rendered, and therefore, is sufficient to sustain a judgment on this element of the offense. MCL 600.2106; MSA 27A.2106, MRE 902(4). On the element of identity, the general common-law rule is that sufficient evidence is offered to discharge the prosecution's burden of proof where either direct or circumstantial evidence is offered to show that the person named in the former convictions and the defendant on trial are one and the same person. Anno: *Evidence of identity for purposes of statute as to enhanced punishment in case of prior conviction,* 11 ALR2d 870. Thus, for example, evidence of fingerprints, photographs, distinguishing physical characteristics, or similarity of names which tends to show that the defendant and the person previously convicted are the same person, is generally considered by the courts to be sufficient under the "reasonable doubt" stan-

---

[2] In fact, the reasons for applying the "reasonable doubt" standard of proof are more persuasive where, unlike under the habitual offender statute, the third conviction raises the substantive offense from a misdemeanor to a felony, with all the attendant consequences of a felony conviction.

dard of proof. *Id,* §§ 6-12, see *Johnson v State,* 96 Okla Crim 294; 253 P2d 179 (1953). Here, the prosecution sought to establish defendant's identity by matching his vital statistics with those appearing in the court records for the previous convictions. This, combined with the fact that the same name appeared for the defendant as was used in the previous convictions, is sufficient, as a matter of law, on the element of identity. 11 ALR2d, *supra,* §§ 7-10.

Reversed and remanded for a new trial.