## PEOPLE v LEONOWICZ

Docket No. 70189. Submitted December 7, 1983, at Lansing.—Decided March 29, 1984. Leave to appeal denied, 419 Mich —.

Michael S. Leonowicz was charged with operating a vehicle while under the influence of intoxicating liquor. The complaint also indicated that defendant had been previously convicted of driving while visibly impaired. Over the prosecutor's objection, the district court allowed defendant to plead guilty to driving while impaired, second offense, and dismissed the charge of driving under the influence. The prosecution appealed to the Oakland Circuit Court, which affirmed, John N. O'Brien, J. The prosecution appealed by leave granted. *Held:*

1. The complaint did not charge two separate offenses, and the trial court was not at liberty to allow the defendant to plead guilty to driving while impaired. Rather, the complaint charged defendant only with driving while under the influence of liquor. The inclusion of the reference to the prior conviction was a notice provision, notifying the defendant of the possible sentencing consequences in the event he were to be found guilty of driving while impaired as a lesser-included offense of the offense charged.

2. The trial court did not have the authority, over the prosecutor's objection, to accept the plea to the lesser offense and to dismiss the charged offense.

Reversed and remanded.

1. CRIMINAL LAW — INTOXICATING LIQUORS — MOTOR VEHICLES — SENTENCE ENHANCEMENT.

The prosecution, when charging a defendant with a violation of the statutes proscribing the operation of a motor vehicle while under the influence of liquor, must also charge and prove a prior violation of the statutes if it desires to utilize the sentence enhancement provisions of the statutes; if the prior

REFERENCES FOR POINTS IN HEADNOTES
[1] 7A Am Jur 2d, Automobiles and Highway Traffic § 296 *et seq.*
　39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.
[2] 21 Am Jur 2d, Criminal Law § 488.

violation is not charged the defendant will not know what punishment he faces (MCL 257.625, 257.625b; MSA 9.2325, 9.2325[2]).

2. CRIMINAL LAW — GUILTY PLEAS — LESSER INCLUDED OFFENSES.

> A trial court may not, over the prosecutor's objection, accept a plea of guilty to a lesser-included offense and dismiss the charge of the greater offense.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Talpos, Arnold & Rooyakker, P.C.* (by *John C. Talpos),* for defendant on appeal.

Before: M. J. KELLY, P.J., and CYNAR and J. C. KINGSLEY,* JJ.

PER CURIAM. Defendant was charged with operating a vehicle while under the influence of intoxicating liquor (DUIL), MCL 257.625; MSA 9.2325. Over objection of the prosecutor, the district judge permitted defendant to plead guilty to a second charge of operating a vehicle while impaired (DWI), MCL 257.625b; MSA 9.2325(2), and subsequently dismissed the charge of DUIL. The circuit court affirmed, and the prosecutor appeals to this Court by leave granted.

The complaint charged that defendant:

"did then and there operate a certain vehicle, to-wit: 1974 Dodge upon a certain highway or other place open to the general public, including any area designated for the parking of vehicles, to-wit: John R. Street, while under the influence of intoxicating liquor; contrary to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 257.625(1), (3), of the CL of 1970 as amended; MSA 9.2325.

"Operating a vehicle under the influence of intoxicating liquor misdemeanor: 90 days and/or not less than $100.00 nor more than $500.00, together with costs.

"Upon conviction of the above charge the prosecutor gives the court to further understand that the said offense is hereby charged as a second offense operating a vehicle while his ability to operate a motor vehicle was visibly impaired due to the consumption of intoxicating liquor in that the said Michael Steven Leonowicz was previously convicted of driving while his ability to operate a motor vehicle was visibly impaired due to the consumption of intoxicating liquor in the 37th District Court for Macomb County on 2-4-81; contrary to MCL 257.625b(1), (2), of the CL 1970 as amended.

"Operating a vehicle impaired—second or subsequent offense misdemeanor: 1 year and/or $1,000.00."

Defendant maintains that this complaint sets forth two separate offenses, namely DUIL and DWI, second offense, and that the trial court was at liberty to allow defendant to plead to the latter charge. The prosecution argues that the complaint charges one count of DUIL, and further contains a notice provision informing defendant that he might be subject to an enhanced sentence due to his prior conviction for DWI. We agree with the prosecution.

In that part of the motor vehicle code proscribing the operation of a vehicle while under the influence of drugs or liquor, the Legislature created a scheme of graduated punishment. See *People v Pipkin,* 93 Mich App 817; 287 NW2d 352 (1979). While a first conviction for DWI was punishable by no more than 90 days imprisonment and/or a fine not to exceed $300, a second or subsequent conviction carried a possible penalty of one year and/or a $1,000 fine. MCL 257.625b; MSA

9.2325(2).[1] The statute governing DUIL contains
similar sentence enhancement provisions. MCL
257.625; MSA 9.2325. If these provisions are to be
used the prior offense must be charged and proved;
if it is not charged the defendant will not know
what punishment he faces. *People v Bosca,* 25
Mich App 455, 458; 181 NW2d 678 (1970). It was
therefore correct procedure to notify defendant of
the sentencing implications of his prior DWI con-
viction. Although that conviction could not be used
for sentence enhancement were defendant to be
convicted of DUIL, the principal charge, it could
be so used if defendant were found guilty of the
lesser-included offense of DWI.

Defendant argues that, although the prosecution
may subjectively have intended the second section
of its complaint as a notice provision, it may
objectively be interpreted only as an allegation of
a separate offense. We do not agree. Again, the
disputed paragraph reads:

*"Upon conviction of the above charge* the prosecutor
gives the court to further understand that the said
offense is hereby charged as a second offense operating
a vehicle while his ability to operate a motor vehicle
was visibly impaired due to the consumption of intoxi-
cating liquor in that said Michael Steven Leonowicz
was previously convicted of [DWI] * * *." (Emphasis
supplied.)

The emphasized language strongly suggests that
what follows is a sentence enhancement provision
and not a second charge. Additionally, as a matter
of English sentence construction, the phrase "said
offense" would seem to refer to "the above charge"
rather than to any independent charge. As previ-

---

[1] The drunk driving laws have since undergone some significant
changes pursuant to 1982 PA 309-311, effective March 30, 1983.

ously noted the sentence enhancement could operate in this case only if defendant were found guilty of the lesser-included offense, DWI; thus the statement that the charged offense was prosecuted as a "second offense [DWI]" is not completely accurate. Defendant has alleged no prejudice arising from this defect, and we perceive none. In summary, although the complaint could have been more artfully drawn, we read the disputed paragraph as a notice of possible sentence enhancement rather than a statement alleging a second independent offense.

The complaint charged only one offense, a count of DUIL. In *Genesee Prosecutor v Genesee Circuit Judge*, 391 Mich 115; 215 NW2d 145 (1974), the Supreme Court held that a judge may not, over the prosecutor's objection, accept a plea of guilty to a lesser-included offense and dismiss the charge of the greater offense.[2] See also *People v Anderson*, 409 Mich 474; 295 NW2d 482 (1980).

Defendant concedes that DWI is a lesser-included offense of DUIL,[3] but argues that such is not the case with DWI, second violation. We find no cause to make such a distinction. The prior DWI conviction is not an element of DWI, second offense, but merely serves to enhance the maximum punishment. See *People v Bosca*, 25 Mich App 455; 181 NW2d 678 (1970).[4] Defendant's remaining arguments are without merit.

---

[2] Defendant refers us to *Wayne County Prosecuting Attorney v Recorder's Court Judge*, 47 Mich App 615, 616; 209 NW2d 610 (1973), a decision which found "no authority supporting the proposition that the circuit judge has no jurisdiction to accept a plea of guilty to a lesser included offense of the crime charged". In *Genesee Prosecutor, supra*, the Supreme Court created such authority. As a result, the *Wayne County* case was reversed in an order, 391 Mich 791 (1974).

[3] *People v Harold Johnson*, 96 Mich App 652; 293 NW2d 664 (1980).

[4] Although *Bosca* addressed a prosecution for DUIL, second offense, its holding is readily transferable to DWI, second offense, as the same principles are involved.

The district court was in error in accepting defendant's plea to DWI, second offense, and dismissing the principal charge.

Reversed and remanded.