PEOPLE v SMITH

Docket No. 116614. Submitted January 18, 1990, at Lansing. Decided
    February 21, 1990. Leave to appeal applied for.

Cynthia C. Smith was charged with driving under the influence of
    intoxicating liquor. Since she had two prior convictions for
    driving while impaired, the prosecution filed a second count to
    the complaint which alleged the existence of the prior convic-
    tions and contained a notice of an intent to seek sentencing
    under the enhanced sentencing provisions applicable to a third
    conviction of driving while impaired if defendant was found
    guilty of driving while impaired, a statutorily included offense
    of the charged offense. Defendant moved in 55th District Court
    to dismiss the second count on the basis that, since the en-
    hanced sentence for the included offense was more severe than
    the sentence for the charged offense, permitting the prosecution
    to seek sentence enhancement if defendant was convicted of the
    included offense constituted a denial of due process. The district
    court, Thomas E. Brennan, Jr., J., while finding that there
    should only be sentence enhancement as a second offender
    rather than as a third offender, held that the prosecution could
    seek sentence enhancement if defendant was convicted of im-
    paired driving. Defendant appealed to circuit court. The Ing-
    ham Circuit Court, James R. Giddings, J., ordered that the
    prosecution must elect between proceeding on the principal
    charge but being limited to a nonenhanced sentence if defen-
    dant was convicted of impaired driving or proceeding on the
    impaired driving charge with sentence enhancement. The pros-
    ecution appealed by leave granted.

The Court of Appeals held:

1. The driving while impaired statute contains a provision for
    an enhanced sentence where there has been one or more prior
    convictions for driving while impaired. A second conviction for

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 297, 298, 310;
Habitual Criminals and Subsequent Offenders §§ 4, 14, 15.
See the Index to Annotations under Driving While Intoxicated;
Habitual Criminals and Subsequent Offenders.

driving while impaired is not a separate and distinct offense from driving while impaired.

2. Placing defendant in the position of possibly feeling compelled to plead guilty to the charged offense rather than risk the possibility of being convicted of the included offense and having the sentence enhanced does not render any such plea involuntary, nor does it deny her the free exercise of her right to trial or effective assistance of counsel.

3. It was error for the circuit court to compel the prosecution to make the election between the counts.

Reversed and remanded for trial.

INTOXICATING LIQUORS — DRIVING UNDER THE INFLUENCE — DRIVING WHILE IMPAIRED — ENHANCED SENTENCES — DUE PROCESS.

A prosecutor may properly charge a person with driving under the influence of intoxicating liquor and also give notice that if the person is convicted of the included offense of impaired driving the prosecution will seek the enhanced sentence for one who has a prior conviction for impaired driving; it is error to require that the prosecutor elect between proceeding to trial on the principal charge with the included offense being without enhancement or proceeding to trial on the included offense and the sentence enhancement provision; permitting the prosecutor to proceed on the principal charge with the possibility of seeking the enhanced sentence if the defendant is convicted of the included offense, even though the enhanced sentence for the included offense exceeds the sentence for the principal offense, does not deny the defendant due process (MCL 257.625, 257.625b; MSA 9.2325, 9.2325[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Francesco Simone,* Assistant Prosecuting Attorney, for the people.

*Richard R. Rashid,* for defendant.

Before: SHEPHERD, P.J., and MAHER and SULLIVAN, JJ.

PER CURIAM. Defendant was charged with driving under the influence of intoxicating liquor (OUIL) or with an unlawful blood alcohol level (UBAL), in excess of 0.10 percent by weight of

alcohol contrary to MCL 257.625; MSA 9.2325. Because defendant had two prior convictions for driving while impaired, MCL 257.625b; 9.2325(2), count II of the complaint contained a supplemental notice alleging that if defendant were found guilty of the lesser included offense of impaired driving the people would allege that such conviction was a third or subsequent offense of operating a motor vehicle while visibly impaired, thereby subjecting defendant to the sentence enhancement provisions of MCL 257.625b(3); MSA 9.2325(2)(3). In a defense appeal from a district court ruling, the circuit court ordered the prosecutor to elect between proceeding to trial on the principal charge (apparently without the possibility of sentence enhancement in the event defendant were found guilty of the lesser included offense of impaired driving), or proceeding against defendant only for impaired driving, second offense. The prosecutor appeals from this order by leave granted. We reverse.

The issue in this case concerns the enhanced sentence provisions of the drunk driving laws. The penalty for a person convicted of OUIL or UBAL is imprisonment for not more than ninety days, or a fine of not less than $100 nor more than $500, or both. MCL 257.625(4); MSA 9.2325(4). Conversely, the penalty for a conviction of impaired driving is imprisonment for not more than ninety days, or a fine of not more than $300, or both. However, upon a second conviction for impaired driving within seven years of a prior conviction, a person may be imprisoned for not more than one year, or receive a fine of not more than $1,000, or both. MCL 257.625b; MSA 9.2325(2). Thus, a defendant is exposed to more severe penalties upon a second conviction for impaired driving than upon a first conviction for OUIL or UBAL. By statute, impaired driving is a lesser included offense to a charge of

OUIL or UBAL. MCL 257.625b(1); MSA 9.2325(2)(1). Finally, although a prior conviction for OUIL or UBAL may be used for sentence enhancement purposes following a subsequent conviction for impaired driving, MCL 257.625b(3); MSA 9.2325(2)(3), the statutes do not provide for a prior impaired driving conviction to be used for sentence enhancement purposes following a subsequent conviction for OUIL or UBAL.

In this case, defendant filed numerous pretrial motions in the district court, including a motion for election. In this motion, defendant pointed out that, due to her prior impaired driving convictions, she could be exposed to greater penalties if she were found guilty in the instant case of the lesser included offense of impaired driving than she would be if she were found guilty on the principal charge. Defendant argued that this dilemma effectively compelled her to plead guilty to the principal charge in order to avoid the potentially greater penalties that could result if she were successful at trial in defending the principal charge but found guilty of the lesser included offense of impaired driving. This dilemma, defendant argued, violated principles of due process. Although the district court did determine that one of the prior impaired driving convictions was defective and could not be used for purposes of sentence enhancement, it found no due process violation.

Following the district court ruling, defendant was granted leave to appeal to the circuit court, which stayed the trial proceedings. The circuit court ruled in favor of defendant and issued an order, providing in part:

> [I]n the event this matter proceeds to trial, the People of the State of Michigan must elect to proceed only on the charge of O.U.I.L./U.B.A.L. with

Impaired Driving being the only possible lesser included offense; or the People can proceed to trial against the Petitioner for the Impaired Driving II offense only.

By leave granted, the people appeal this ruling.

On appeal, defendant contends the sentencing enhancement provisions of the drunk driving statutes are unconstitutional because they infringe upon her right to a trial, preclude her from entering a voluntary guilty plea and prevent her from receiving effective assistance of counsel. Although the people concede that a dilemma exists as a result of the sentence enhancement provisions, they contend there is nothing unconstitutional about it. In fact, they contend this dilemma is exactly what the Legislature intended in providing for sentence enhancement for repeat convictions for impaired driving. We agree with the people and find no constitutional violation.

Prior to our discussion of the constitutional issues, we find it necessary to briefly address an apparent misunderstanding of the sentence enhancement provisions of the drunk driving laws as reflected in the circuit court's order. In the order, a charge of impaired driving, second offense, is treated as being a separate and distinct offense from impaired driving. That is not the case. Rather, impaired driving is but a single offense, the punishment for which may or may not be enhanced due to prior impaired driving convictions. See *People v Pipkin,* 93 Mich App 817, 820; 287 NW2d 352 (1979). To be subject to enhanced punishment for a second impaired driving conviction, a defendant is entitled to a bifurcated proceeding. *Id.* In the first stage, it is determined whether defendant is in fact guilty of impaired driving. If found guilty, the second stage is held to

determine whether defendant has been previously convicted of the same offense. A successful determination at this second stage requires that the prior conviction be both charged and proven. *People v Leonowicz*, 134 Mich App 152, 155; 350 NW2d 770 (1984), lv den 419 Mich 938 (1984); *People v Bosca*, 25 Mich App 455, 458; 181 NW2d 678 (1970). Thus, impaired driving, second offense, is not a lesser included offense to OUIL, since a prior impaired driving conviction is not an element of impaired driving, second offense, but only serves to enhance the maximum punishment. *Leonowicz, supra*, p 156.

With this understanding in mind, we note that the first option given by the circuit court to the prosecution was that it could "proceed only on the charge of O.U.I.L./U.B.A.L. with Impaired Driving being the only possible lesser included offense." Although we believe the intent of the circuit court was to preclude sentence enhancement if this first option were exercised, we do not believe that a literal reading of the order achieves this result. As noted earlier, impaired driving is in fact the only possible lesser included offense to OUIL or UBAL. A finding that defendant is guilty of impaired driving does not automatically subject defendant to sentence enhancement. For this to occur, a prior conviction for impaired driving must be separately charged and proven. Thus, although the circuit court's order correctly states that impaired driving shall be the only lesser included offense to a principal charge of OUIL or UBAL, it does not expressly preclude the people from subsequently seeking sentence enhancement. We are satisfied, however, that the intent of the order was to preclude sentence enhancement. Accordingly, we will now review the constitutional challenges to the enhanced sentencing provisions while keeping in

mind their appropriate relationship to the drunk driving laws.

It is well settled that a guilty plea must be voluntarily made with knowledge of the consequences in order to be constitutionally valid. *People v Jaworski,* 387 Mich 21, 30; 194 NW2d 868 (1972). Further, principles of due process require that a defendant be guaranteed rights essential to a fair hearing under the United States Federal Constitution. *People v Coates,* 337 Mich 56, 75; 59 NW2d 83 (1953). In this case, defendant contends that the dilemma of facing potentially greater penalties if found guilty of a lesser included offense violates due process because it compels her to plead guilty to the principal charge in order to avoid potentially greater punishment. Defendant contends she is thereby precluded from freely exercising her right to a trial upon the principal charge and that any plea of guilty could not be deemed voluntarily made. Further, defendant contends that, because her attorney is unable to recommend an appropriate course of action, he is precluded from rendering effective assistance of counsel. We disagree.

First, we cannot accept defendant's contention that a plea of guilty cannot be deemed voluntarily made merely because it is made to avoid potentially greater punishment. Detention itself has never been recognized as so inherently coercive that it will render a guilty plea invalid; pleading merely to avoid an extended incarceration does not make a plea involuntary. *People v Wright,* 97 Mich App 411, 414; 296 NW2d 46 (1980); also see *People v Grades,* 35 Mich App 383, 384; 192 NW2d 655 (1971). It is a common plea bargaining practice for a criminal defendant to be offered the opportunity to waive his rights to a trial on a greater charge in exchange for a guilty plea to a lesser

charge. Does this mean that when a defendant is offered such an opportunity any plea thereafter made would be involuntary because the defendant now feels compelled to plead guilty in order to avoid the possibility of conviction on the greater charge? We think not. Indeed, our Supreme Court has expressly indicated that sentencing concerns are appropriate subjects for plea negotiations. *People v Killebrew,* 416 Mich 189, 201; 330 NW2d 834 (1982).

We also reject defendant's contention that the dilemma of her situation precludes her from freely exercising her right to trial. Defendant does not become subject to sentence enhancement merely because she elects not to plead guilty to the principal charge. A second conviction for impaired driving, just as a conviction upon the principal charge, can result only where the prosecution, upon sufficient evidence presented, establishes beyond a reasonable doubt that defendant violated the statute. Further, defendant is still entitled to have her guilt or innocence determined pursuant to a trial conducted in accordance with the various constitutionally required procedures and safeguards aimed at guaranteeing her a fair trial. Of course, as is typically the case, defendant's perception of the prosecutor's ability to sustain his burden will play a large role in her own decision whether to plead guilty. Defendant is also protected by the fact that sentence enhancement does not automatically follow from a second or subsequent impaired driving conviction. As noted earlier, any prior conviction must be separately charged and proven. *Bosca, supra.*

Finally, we find no merit to defendant's contention that the dilemma precludes her from receiving effective assistance of counsel. Where counsel properly advises his client of the various courses of

action available, along with the advantages, disadvantages and resulting consequences of each, he is not rendered ineffective merely because the appropriate course of action is not apparent on its face. In this case, there is nothing to indicate that defendant has not received competent representation.

In light of our conclusions, we are not persuaded that principles of due process have been violated merely because defendant must choose between pleading guilty to the principal charge of OUIL or UBAL or proceeding to trial at the risk of being convicted on the lesser included offense of impaired driving and the subsequent possibility of sentence enhancement. The procedure utilized by the prosecutor in this case in charging defendant with OUIL or UBAL and notifying her pursuant to a supplemental notice of her prior impaired driving convictions and intent to seek sentence enhancement was exactly that procedure approved by this Court in *Leonowicz, supra.* There, the Court stated:

> It was therefore correct procedure to notify defendant of the sentencing implications of his prior DWI conviction. Although that conviction could not be used for sentence enhancement were defendant to be convicted of OUIL, the principal charge, it could be so used if defendant were found guilty of the lesser-included offense of DWI. [134 Mich App 155.]

Accordingly, we must find that the circuit court erred in entering an order intended to preclude the possibility of sentence enhancement upon a second conviction for impaired driving. The statute is clear on its face and expressly provides for enhanced penalties for repeat offenders. MCL 257.625b(3); MSA 9.2325(2)(3). The provisions serve

an important legislative goal aimed at deterring persons once convicted from repeatedly violating the provisions of the drunk driving laws.[1] *People v Lawrence,* 54 Mich App 13, 15; 219 NW2d 802 (1974). Because the intent of the circuit court's order directly violates the express provisions of the statute, it must be reversed.

Reversed and remanded for trial. We do not retain jurisdiction.

[1] From a practical standpoint, we are not unmindful of the existing statutory anomaly. This is illustrated by the scenario whereby two drivers, each with prior impaired driving convictions, are tried for OUIL. If the first driver is successfully convicted upon the principal charge, but the second driver is only found guilty of the lesser included offense of impaired driving, the second driver will be potentially subject to more severe penalties than the first driver even though the second driver was found less culpable. We do not address this situation, however, inasmuch as we believe that resolution is best left to the Legislature.