PEOPLE v STEPHENS

Docket No. 65691. Argued May 12, 1982 (Calendar No. 1).—Decided
December 23, 1982. Opinion released January 13, 1983.

Robert L. Stephens was convicted by a jury in the Genesee
Circuit Court, Philip C. Elliott, J., of breaking and entering
with intent to commit a felony or larceny. His request for
instructions on the lesser included offense of entering without
permission, a misdemeanor, was denied. The Court of Appeals,
Cynar, P.J., and M. J. Kelly and Gillespie, JJ., affirmed in an
unpublished opinion per curiam (Docket No. 44743). The defen-
dant appeals.

In an opinion by Justice Ryan, joined by Chief Justice Fitz-
gerald and Justices Kavanagh, Williams, Levin, and Coleman,
the Supreme Court *held:*

The policies behind the rule followed by the trial court in
this case would be better served by a more flexible approach to
lesser included offense instructions on misdemeanors: When-
ever an adequate request for an appropriate misdemeanor
instruction is supported by a rational view of the evidence
adduced at trial on felony charges, the trial judge shall give the
requested instruction unless to do so would result in a violation
of due process, undue confusion, or some other injustice. Adher-
ence to this rule shall be required after 30 days after the
release of the opinion.

1. The rule previously established by the Supreme Court as a
matter of policy was that in any case where the offense charged
is punishable by incarceration for more than two years the jury
may not be instructed on lesser included offenses for which the
maximum allowable period of incarceration is one year or less.
The purpose of the rule was to prevent harassment of the
defendant, to serve the cause of justice by limiting compromise,
and to avoid confusing the jury with too many instructions. It
was later modified to permit a misdemeanor instruction where
the value of property involved in a case was the only element
separating a misdemeanor from a felony, and the value of the

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 75 Am Jur 2d, Trial §§ 876, 877.

property was actually in dispute. Such a dispute could also arise in cases involving a defendant's assaultive intent, intent with regard to marijuana, or level of intoxication. Rather than erode the rule case by case, it should be abrogated. The standard adopted will provide, in practice, the advantages that the previous theoretical approach failed to provide in its seven-year trial.

2. An instruction on a lesser included misdemeanor offense of a felony is required where there is a proper request specifying the offense, there is an appropriate inherent relationship between the offense charged and the misdemeanor, and there is a rational basis, supported by evidence adduced at trial, which would justify conviction of the misdemeanor, *i.e.*, proof regarding the elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant not guilty of the greater and guilty of the lesser offense. Should the prosecution request such an instruction, the defendant must be given adequate notice that it is one of the charges against which he is expected to defend. Additionally, the requested instructions must not result in undue confusion or some other injustice; this must be decided by the trial court case by case, in the exercise of discretion.

3. In this case, the trial court and the Court of Appeals correctly applied existing case law. The rule precluding misdemeanor instruction which was applied as well as the rule adopted in this case rests on the supervisory power of the Supreme Court and not on the constitutional rights of the defendant. In abandoning the previous rule, the defendant's rights to due process are not violated. The widespread reliance on the former rule, the fact that the defendant was fairly convicted by a jury, and the adverse effect of retroactive application of the new rule requires prospective application. Thus, the defendant's conviction is affirmed. The former rule may be applied in jury instructions given within 30 days after the release of the opinion, but not thereafter.

Affirmed.

*People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), overruled in part.

1. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS.

After February 12, 1983, an adequate request for an appropriate misdemeanor instruction which is supported by a rational view of the evidence adduced at trial on felony charges must be given unless to do so would result in a violation of due process,

undue confusion, or some other injustice; where the prosecution requests such an instruction, the defendant must be given adequate notice that the misdemeanor is one of the charges against which he is expected to defend.

2. CRIMINAL LAW — JURY INSTRUCTIONS — MISDEMEANORS.

The conditions for an instruction on a lesser included misdemeanor offense in a trial for a felony are that there be a proper request specifying the offense, an appropriate inherent relationship between the offense charged and the misdemeanor, a rational basis supported by evidence adduced at trial which would justify conviction of the misdemeanor, adequate notice to the defendant where the prosecution requests the instruction that the misdemeanor is one of the charges against which he is expected to defend, and no undue confusion or other injustice as a result of the instructions; requests for such instructions should be granted by the trial court in its discretion case by case.

3. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES — MISDEMEANORS — NEW RULE OF LAW — PROSPECTIVE APPLICATION.

Denial of a request by the defendant for an instruction on a lesser included misdemeanor in a case where the offense charged was punishable by incarceration for more than two years and the maximum allowable period of incarceration for the misdemeanor was one year or less did not entitle the defendant to a new trial where the misdemeanor cutoff rule was the applicable law at the time of the denial; abrogation of that rule on appeal with purely prospective application did not violate the defendant's right to due process where the defendant was fairly convicted of the greater offense by a jury.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Michael E. Thomas, P.C.,* for the defendant.

RYAN, J. In this case we are called upon to reconsider the so-called "misdemeanor cutoff" rule of *People v Chamblis,* 395 Mich 408, 429; 236

NW2d 473 (1975).[1] After careful consideration, we conclude that the policies behind the *Chamblis* rule would be better served by a more flexible approach to lesser included offense instructions on misdemeanors. Whenever an adequate request for an appropriate misdemeanor instruction is supported by a rational view of the evidence adduced at trial, the trial judge shall give the requested instruction unless to do so would result in a violation of due process, undue confusion, or some other injustice. While the *Chamblis* rule may be applied to jury instructions given within 30 days after the release of this opinion, adherence to the standards set forth in this opinion shall be required thereafter.[2]

# I

The defendant, Robert Lee Stephens, was charged with the felony of breaking and entering with intent to commit a felony or larceny.[3] The evidence presented to the jury established that on the afternoon of April 27, 1978, the apparently intoxicated defendant was observed repeatedly falling into the path of traffic on Fenton Road, a busy

---

[1] "We are establishing a rule today, as a matter of policy, limiting the extent of compromise allowable to a jury in deciding whether to convict of a lesser included offense. In any case wherein the charged offense is punishable by incarceration for more than two years, the court, whether or not requested, may not instruct on lesser included offenses for which the maximum allowable incarceration period is one year or less."

[2] The new rules may be applied to any instructions given on or after the release date of this opinion.

[3] MCL 750.110; MSA 28.305, provides in relevant part:

"Any person who shall break and enter with intent to commit any felony, or any larceny therein, any tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, structure, boat or ship, railroad car or any private apartment in any of such buildings or any unoccupied dwelling house, shall be guilty of a felony punishable by imprisonment in the state prison not more than 10 years."

thoroughfare located in Flint, Michigan. The police were called in order to protect the safety of the defendant. Before the police arrived, the defendant kicked in the glass door of his family doctor's office, which was closed, and crawled through the opening. The defendant was apprehended by the police while still in the building. He was found in possession of a pad of the doctor's prescription blanks and $56 crumpled into his pocket, the exact amount of money which the doctor later testified was missing from his cash box. When questioned by the police the next day, the defendant stated that he went to the doctor's office to obtain money, but didn't remember too much because of his consumption of "downers" and alcohol. The defendant did not dispute the allegation of breaking and entering into the doctor's office. Indeed, those facts were admitted during closing argument by defense counsel. The defense theory was that the defendant lacked the requisite intent to commit larceny.[4] The evidence of intoxication was used to bolster the argument that Mr. Stephens lacked the intent to commit larceny.

At the close of the proofs, defense counsel requested a lesser included offense instruction on the misdemeanor of entering without permission.[5] Al-

---

[4] "[Defense Counsel]: We don't deny that there was a window broken. We don't deny that Mr. Stephens was in that office, but we do say that he had no intention to commit a larceny when he went in there."

[5] MCL 750.115; MSA 28.310:

"Any person who shall break and enter, or shall enter without breaking, any dwelling, house, tent, hotel, office, store, shop, warehouse, barn, granary, factory or other building, boat, ship, railroad car or structure used or kept for public or private use, or any private apartment therein, or any cottage, clubhouse, boat house, hunting or fishing lodge, garage or the out-buildings belonging thereto, or any other structure, whether occupied or unoccupied, without first obtaining permission to enter from the owner or occupant, agent, or person having immediate control thereof, shall be guilty of a misdemeanor:

though expressing dissatisfaction with the "misdemeanor cutoff rule", the trial judge felt compelled by our *Chamblis* opinion to deny the request. The jury was instructed that it must choose one of two possible verdicts: guilty as charged, or not guilty. The defendant was found guilty, and his motion for a new trial was denied. On appeal, the Court of Appeals affirmed in an unpublished per curiam opinion. While feeling constrained to follow *Chamblis,* the Court of Appeals also urged reconsideration of that policy rule. We accepted that invitation by granting leave to appeal. 411 Mich 974 (1981).

## II

In *Chamblis,* the Court advanced several theoretical reasons in support of a misdemeanor cutoff rule: to prevent harassment of the defendant,[6] to serve the cause of justice by limiting compromise,[7] and to avoid confusing the jury with too long a list

Provided, That this section shall not apply to entering without breaking, any place which at the time of such entry was open to the public, unless such entry has been expressly denied.

"This section shall not apply in cases where the breaking and entering or entering without breaking were committed by a peace officer or some one under his direction in the lawful performance of his duties as such peace officer."

[6] " 'Does not the policy against harassment and a continual siege of accusations and charges seem to have some application?' Comment, 57 Nw U L Rev 62, 73 (1962). We answer in the affirmative." *Chamblis,* p 428.

[7] "We are convinced that the cause of justice is not well served by convicting of assault and battery a defendant charged with murder. As a matter of policy people who commit serious crimes should be punished for those offenses, and those who did not commit such serious crimes should not be tried for those crimes only to be found guilty of a much lower offense.

* * *

"At some point, both the defendant and the prosecution should be able to prevent any further potential for 'compromise'." *Chamblis,* p 428.

of instructions.[8] The policy against prosecutorial harassment is never implicated where, as in this case, the defendant requests the lesser included misdemeanor instruction. Nor is the situation so fraught with potential for prosecutorial abuse that a prophylactic rule is required. Of course, in those instances where it appears on the record that the prosecutor has abused his discretion in requesting instructions on lesser included misdemeanors, the trial judge may properly refuse the instructions. *Cf. Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 121; 215 NW2d 145 (1974).

While any lesser included offense instruction creates the possibility of a compromise verdict, this only serves to caution against the indiscriminate use of such instructions[9] and does not justify an arbitrary limitation according to the maximum term of confinement. The *Chamblis* rule went far beyond precluding a misdemeanor assault and battery instruction in a first-degree murder case. It precluded an instruction on a lesser included misdemeanor offense, even if the value of the property involved was the only element separating the misdemeanor from the felony, and even if the value of the property was actually in dispute. See *People v*

_____

[8] Justice COLEMAN's concurring opinion, p 431, noted that without the rule, jurors would be exposed to a
"foreseeably lengthened 'laundry list' of offenses and jurors * * * would be required to absorb possibly dozens of pages of instructions regarding the many offenses possible under the 'cognate', 'related' or 'allied' offense theory of *[People v] Ora Jones* [395 Mich 379; 236 NW2d 461 (1975)]."

[9] The decisions of this Court in *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975); *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976); and *People v Kamin,* 405 Mich 482, 500; 275 NW2d 777 (1979), require certain lesser included felony instructions even if such instructions are not supportable by any rational view of the evidence, confuse the jury, and invite juror compromise on issues such as identity that should not be compromised. However, this case is not an appropriate vehicle to reconsider those decisions.

*Miller,* 406 Mich 244; 277 NW2d 630 (1979), where the *Chamblis* rule was modified to allow such a misdemeanor instruction.

We fail to see how a dispute over the value of property can be distinguished from a dispute over the defendant's assaultive intent, see *People v Joeseype Johnson,* 407 Mich 196, 274; 284 NW2d 718 (1979) (opinion by LEVIN, J.), or a defendant's intent with regard to marijuana, see *People v Potter,* 115 Mich App 125; 320 NW2d 313 (1982); *People v Vasher,* 97 Mich App 372; 296 NW2d 30 (1980); or the defendant's level of intoxication, see *People v Harold Johnson,* 96 Mich App 652; 293 NW2d 664 (1980); *People v Pipkin,* 93 Mich App 817; 287 NW2d 352 (1979). Instead of continuing to erode the *Chamblis* rule on a crime-by-crime basis, we are of the view that the rule should be abrogated.

From the defendant's point of view, a misdemeanor lesser included offense instruction may serve the cause of justice by preventing a felony conviction unsupported by the jury's belief of guilt beyond a reasonable doubt.[10] From the prosecutor's point of view, a defendant should not be granted immunity from prosecution for misdemeanors simply because the defendant's conduct might also be

[10] "Moreover, it is no answer to petitioner's demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction—in this context or any other —precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of *some* offense, the jury is likely to resolve its doubts in favor of conviction." *Keeble v United States,* 412 US 205, 212-213; 93 S Ct 1993; 36 L Ed 2d 844 (1973).

characterized as a more serious felony. The fact that the prosecutor may have overestimated the strength of his or her case does not justify an acquittal for any misdemeanors that may have been committed as well. The requirement that there be a "realistic relationship" between the offense charged and the offense returned by the jury would require prescience on the part of the prosecutor.

The goal of avoiding confusing the jury with too long a list of instructions is an important one. However, we are satisfied that the limitations imposed on misdemeanor instructions in this opinion will suffice to limit the number of such lesser included offense instructions. In addition, we would note that less confusion should result from a number of lesser included offenses all rationally supportable by the evidence than from an equal number of lesser included offenses not supportable by any rational view of the evidence. See *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976); *People v Kamin,* 405 Mich 482, 500; 275 NW2d 777 (1979).

Our abandonment of the rigid misdemeanor cutoff rule was presaged by our unanimous opinion in *People v Cazal,* 412 Mich 680; 316 NW2d 705 (1982). In *Cazal,* we refused to apply the *Chamblis* rule to bench trials, holding that a judge sitting as a trier of fact was well-equipped to avoid confusion and improper compromise verdicts. Implicit in that decision was the view that if the possibility of confusion and improper compromise could be reduced in jury trials, the rationale for the *Chamblis* rule would disappear. We believe that the following standard will provide, in practice, the advantages that the theoretical *Chamblis* approach failed to provide during its seven-year trial, and

we, therefore, overrule that part of *Chamblis* setting forth the "misdemeanor cutoff" rule.

## III

The lesser included offense rule for misdemeanors we adopt in this case is derived from the federal rule established in *United States v Whitaker,* 144 US App DC 344; 447 F2d 314 (1971). The *Whitaker* case is remarkably similar to this case in that an apparently intoxicated defendant battered down the door of a dwelling house and entered. Once inside, defendant Whitaker did not take or disturb anything. The occupants detained the defendant until the police arrived and arrested him. The defendant was charged with first-degree burglary, for which a conviction could be obtained upon proof of an unlawful entry with intent to commit a crime. The principal issue raised by defense counsel was the lack of intent to commit a crime; the defendant testified at trial that he was looking for his friend Williams. The trial court rejected the defense request for an instruction on the lesser included offense of unlawful entry, and the jury returned with a verdict of guilty as charged.

The first condition for a lesser included offense instruction is a proper request. This requirement is not novel or extraordinary; except for cases involving first-degree murder, see *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), the trial judge may, but need not, *sua sponte* instruct on lesser included offenses. *People v Henry,* 395 Mich 367; 236 NW2d 489 (1975); *People v Johnson,* 409 Mich 552, 562; 297 NW2d 115 (1980). However, the prosecutor or defense counsel must adequately apprise the trial judge of exactly what lesser in-

cluded offenses are being requested; a general request for "the lesser included offense" will not suffice. *People v Herbert Smith,* 396 Mich 362; 240 NW2d 245 (1976).

The second condition is that there must be an appropriate relationship between the charged offense and the requested misdemeanor. As the *Whitaker* court put it,

"there must also be an 'inherent' relationship between the greater and lesser offense, *i.e.,* they must relate to the protection of the same interests, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." 144 US App DC 349.

This requirement is also familiar to our jurisprudence. In *People v McDonald,* 9 Mich 150, 153 (1861), the Court found the offense of assault, or assault and battery, "included" within an indictment charging felonious assault. In *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975), the Court referred to "the common purpose of the statutes", which protected the same "societal interest". See also *United States v Johnson,* 637 F2d 1224, 1234 (CA 9, 1980); *United States v Stolarz,* 550 F2d 488 (CA 9, 1977), *cert den* 434 US 851; 98 S Ct 162; 54 L Ed 2d 119 (1977), adopting the "inherent relationship" test. This test is required to prevent misuse of lesser included offense instructions by the defense. *Whitaker,* p 349.

The third condition is that the requested misdemeanor must be supported by a rational view of the evidence adduced at trial. This means that not only must there be some evidence which would justify conviction of the lesser offense, but that

"proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense." *Whitaker,* p 347. (Footnote omitted.)

In refusing to extend the rule of *Ora Jones, supra,* and *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976), *reh den* 396 Mich 976 (1976), to lesser included misdemeanors, we are in accord with both Michigan and federal precedent. In Michigan, the duty to instruct on lesser included offenses has long been held to depend upon the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971); *People v Patskan,* 387 Mich 701; 199 NW2d 458 (1972); *People v DeMeaux,* 194 Mich 18; 160 NW 634 (1916); *People v Beverly,* 108 Mich 509; 66 NW 379 (1896). Similarly, the federal decisions hold that

"a lesser offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. *Berra v United States* [351 US 131; 76 S Ct 685; 100 L Ed 1013 (1956)]; *Sparf v United States,* 156 US 51, 63-64; 15 S Ct 273; 39 L Ed 343 (1895). In other words, the lesser offense must be included within but not, on the facts of the case, be completely encompassed by the greater. A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. *Berra v United States, supra; Sparf v United States, supra,* pp 63, 64." *Sansone v United States,* 380 US 343, 349-350; 85 S Ct 1004; 13 L Ed 2d 882 (1965).

In the recent case of *Hopper v Evans,* 456 US 605; 102 S Ct 2049; 72 L Ed 2d 367 (1982), the Court held that instructions on lesser included offenses in a capital case were not required when the

undisputed evidence negated the possibility that the jury could have rationally returned a verdict of guilty of a lesser included non-capital offense. The case of *Beck v Alabama,* 447 US 625; 100 S Ct 2382; 65 L Ed 2d 392 (1980), was distinguished on the basis that the jury could have rationally found the defendant guilty of a lesser included offense.

In adopting a rational basis test for lesser misdemeanor offense instructions, we do not wish to be understood as adopting such a rationale for lesser included felony offense instructions. *People v Ora Jones* is still controlling thereon.

The fourth condition for an instruction on a lesser included offense is that if the prosecutor requests the instruction, the defendant must have adequate notice of it as one of the charges against which he is expected to defend. While the trial court should consider the possibility of adjournment in the event of genuine surprise, "in an extreme situation * * * the defendant would not have been permitted to fairly develop his case and defend himself and thus would be denied a fair trial". *People v Ora Jones, supra,* p 395 (concurring opinion by WILLIAMS, J.). In such a case, the trial judge should deny the requested instruction. However, the doctrine of mutuality should not prevent the · defendant from requesting a lesser included offense instruction that the prosecutor would be barred from requesting. *Whitaker, supra,* 144 US App DC 351.

The fifth condition is that the requested instructions not result in undue confusion or some other injustice. As noted in *Cazal, supra,* an important policy seeks to avoid confusing the jury by presenting it with an unmanageable number of possible resolutions. This policy should be implemented on a case-by-case basis, with the circuit judge exercis-

ing his or her discretion "to see to it that the case goes to the jury in a clear and intelligent manner". *People v Murray,* 72 Mich 10, 16; 40 NW 29 (1888).

We cannot anticipate from this appellate remove the multitude of legal and factual variations presented to the trial courts. We are satisfied, therefore, to vest the circuit and recorder's court judges with substantial discretion in determining whether the cause of justice would be served by giving lesser included misdemeanor instructions on the facts of any given case.

On the facts of the case before us, we see no particular confusion or injustice that would have resulted from giving the misdemeanor instruction. Indeed, the circuit judge expressed his willingness to do so but for the *Chamblis* policy rule. We are confident that trial judges will give lesser included misdemeanor instructions freely when justice requires; consequently, the decision to grant or deny a requested lesser included misdemeanor instruction will be reversed on appeal only upon a finding of an abuse of discretion.

## IV

The final issue that merits discussion is whether our abrogation of the *Chamblis* rule entitles this defendant to a new trial, or whether our decision should be purely prospective. The case most closely on point is *People v Miller, supra,* where we adopted an exception to the *Chamblis* rule effective 30 days after the decision in that case. As in *Miller,* the defendant in this case would have been entitled to the requested instruction but for the *Chamblis* rule. *Miller,* fn 2. However, we are persuaded that the better rule is to require adherence to the rule we announce today for instructions

given more than 30 days after the release of this opinion.

First, we must emphasize that the trial judge and the Court of Appeals correctly applied the *Chamblis* rule in deciding this case. It would be anomalous to argue that the lower courts erred in following applicable precedent, especially when to do so would reward disregarding the opinions of this Court in favor of personal preferences. Secondly, we must recognize that both the *Chamblis* rule and the standards adopted in this case rest not on the constitutional rights of the defendant, but on this Court's supervisory power over the courts of Michigan. Const 1963, art 6, § 5. In abandoning the *Chamblis* rule, we do not find that the defendant's due process rights have been violated, especially in light of the relatively strong evidence of this defendant's larcenous intent. Finally, the *Linkletter*[11] factors point to prospective application. The widespread reliance on the *Chamblis* rule, the fact that the defendant's guilt was fairly determined by a jury, and the adverse impact of retroactive application convince us that prospective application is the more prudent course.

Accordingly, our decision in *People v Chamblis, supra,* is overruled in part. The defendant's conviction is affirmed.

FITZGERALD, C.J., and KAVANAGH, WILLIAMS, LEVIN, and COLEMAN, JJ., concurred with RYAN, J.

RILEY, J., took no part in the decision of this case.

[11] *Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965), applied in *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971); *People v Rich,* 397 Mich 399; 245 NW2d 24 (1976); *People v Young,* 410 Mich 363; 301 NW2d 803 (1981).