## PEOPLE v JARMAN

Docket No. 73485. Submitted November 6, 1984, at Grand Rapids.—
Decided January 3, 1985.

Lloyd T. Jarman, II, was convicted of first-degree criminal sexual
conduct in having penetrated the vagina of his 14-year-old
daughter with his finger, Allegan Circuit Court, George R.
Corsiglia, J. Defendant appealed, alleging that the trial court
erred in refusing to instruct the jury as to the requirement that
an act be sexual in nature to support a conviction of first-
degree criminal sexual conduct and on the nature of a sexual
act and also erred by declining to instruct on the misdemeanor
offenses of accosting or soliciting a minor and indecent expo-
sure. *Held:*

1. Defense counsel at trial requested CJI 20:2:04, pertaining
to the sexual nature of the charged act. That instruction is an
inaccurate statement of the law and has been deleted. The trial
court properly refused to give the instruction.

2. The trial court was not required to instruct on the nature
of a sexual offense. Such an instruction was not requested nor
does it contain an element or ingredient of the offense. Further-
more, the defense at trial was not that the defendant's act was
not sexual in nature but that the incident never occurred at
all.

3. Given the defense offered, neither the offense of accosting
or soliciting a minor nor that of indecent exposure meet the
condition that in order for an instruction to be given on a
lesser included misdemeanor offense in a trial for a felony the
misdemeanor must be supported by a rational view of the
evidence presented at trial.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — INCORRECT JURY INSTRUC-
TIONS.

The former Criminal Jury Instruction 20:2:04 is not an accurate

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 590, 609.
[2, 4] 75 Am Jur 2d, Trial §§ 577, 578, 710 *et seq.*
[3] 75 Am Jur 2d, Trial § 925.
[4] 75 Am Jur 2d, Trial § 876 *et seq.*

statement of the law in that it adds an element to the offense of first-degree criminal sexual conduct which is not in the statute; therefore, a trial court properly refused a defendant's request to read that instruction to the jury (MCL 750.520b; MSA 28.788[2]; CJI 20:2:04, deleted February 17, 1981).

2. CRIMINAL LAW — JURY INSTRUCTIONS — ELEMENTS OF OFFENSE.
   A trial court is not required to give a jury instruction, absent a request, which does not contain an element or ingredient of the offense but is, rather, an explanation of the offense.

3. CRIMINAL LAW — JURY INSTRUCTIONS.
   Jury instructions must be read in their entirety.

4. CRIMINAL LAW — JURY INSTRUCTIONS — MISDEMEANORS.
   The conditions for an instruction on a lesser included misdemeanor offense in a trial for a felony are that there be a proper request specifying the offense, an appropriate inherent relationship between the offense charged and the misdemeanor, a rational basis supported by evidence adduced at trial which would justify conviction of the misdemeanor, adequate notice to the defendant where the prosecution requests the instruction that the misdemeanor is one of the charges against which he is expected to defend, and no undue confusion or other injustice as a result of the instructions; requests for such instructions should be granted by the trial court in its discretion case by case.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Kirby J. Goodwin,* for defendant on appeal.

Before: R. B. BURNS, P.J., and ALLEN and T. L. BROWN,* JJ.

PER CURIAM. Defendant was charged in a one-count information with first-degree criminal sexual conduct, MCL 750.520b(1)(b); MSA 28.788(2)(1)(b). Convicted by jury June 14, 1983, of sexually penetrating the vagina of his 14-year-old daughter with

* Circuit judge, sitting on the Court of Appeals by assignment.

his finger sometime between December 20 and 24, 1982, and sentenced to from 2-1/2 to 15 years in prison, defendant appeals as of right raising two issues, each pertaining to jury instructions.

Defendant's daughter testified at trial regarding the details of the penetration. She stated that she was alone at home with defendant and he asked to see a staph infection on her upper thigh. He had her take her clothes off from her waist down and began checking the infection with his hand. She testified that although she did not have a rash in her vagina, defendant asked her if she "still had a rash in her vagina" and ultimately inserted his finger into her vagina. After removing his finger from the vagina, he plied the area around the vagina with his fingers and then put some salve on it. Defendant then went into the bathroom, called her into the bathroom, masturbated and ejaculated in front of her and had her touch his penis.

Defendant called several witnesses who testified that defendant was not home at the date and time of the alleged offense. Defendant also took the stand and testified that, while he had treated his daughter for a staph infection of the upper leg on several occasions, he had not done so since deer hunting season began November 15.

The court instructed the jury on the elements of both first and second-degree criminal sexual conduct. Defense counsel requested that the jury be instructed in accordance with CJI 20:2:04 which, before its deletion February 17, 1981, by the State Bar Committee on Standard Criminal Jury Instructions, read as follows:

"If you find that any act occurred, it must have been a sexual act. It must have had as its purpose the arousing, stimulating or gratifying of the sexual emotions [or it must have been done with some other sexually improper intent or purpose]."

Defense counsel also requested instructions on accosting or soliciting a child, MCL 750.145a; MSA 28.341, and indecent exposure, MCL 750.335a; MSA 28.567(1). The trial court refused all request for additional instructions, stating that they would not be appropriate in view of the fact that the defendant was denying that the incident ever occurred:

"*The Court:* Mr. Haslett, does the defense have any objections to the charge?

"*Mr. Haslett:* Yes, your Honor. I would also waive the court reading the theory and claim. And according to the requests that we had made in chambers prior to the instructions, I would like to place on the record my requests which were denied for an instruction with respect to the charge of criminal sexual conduct first degree. I requested that the charge which is on Page 20:04 *[sic]* of the Standard Criminal Jury Instructions, it is essentially the instruction defining a sexual act with respect to the offense of criminal sexual conduct in the first degree; and the case of the *People v Hernandez,* which is cited in the jury instructions for the proposition that in some cases, especially where there is the allegation of insertion of a finger, that there could be a proper instruction definition of sexual purposes, that it is possible that such an act involving penetration could be performed for non-sexual purposes.

"Two other—or rather three other requested instructions were on accosting and soliciting, which are defined in MSA 28.342; indecent exposure, which is CJI 20:1:1, instead of criminal sexual conduct in the first and second degree.

"*The Court:* Do you have any further requests to charge other than those objections? And you are accurate, I refused to give those.

"*Mr. Haslett:* I have no further requests.

"*The Court:* I have no disagreement with the decision that was cited to the court, and I think under appropriate circumstances and instruction defining sexual acts would be in order; however, in this case I do not believe

so because the defendant totally denied that they ever occurred.

"As to accosting and solicting and indecent exposure and attempted criminal sexual conduct in the first degree and second, again I feel those would be totally inappropriate and confusing to the jury, because again Mr. Jarman totally denied any such activity.

"I gave the instructions that I felt would comport with testimony on behalf of the complainant, as to what did in fact occur."

On appeal defendant first contends that error occurred when the trial court refused to instruct the jury as to the sexual nature of the act required for commission of first-degree criminal sexual conduct. Of course, this is not what counsel claimed at trial. As noted from the above excerpt from the transcript, at trial counsel asked the court to give CJI 20:2:04. Now, on appeal, counsel broadens that request to claim that the court erred by not *sua sponte* instructing that the penetration must have been a sexual rather than a medical act.

In *People v Hernandez,* 80 Mich App 465; 264 NW2d 343 (1978), Judge MAHER, writing for the majority, stated that CJI 20:2:04 added an element to the crime of first-degree criminal sexual conduct not expressly contained in the statute. Subsequent cases have held that CJI 20:2:04 is an inaccurate statement of the law in that it adds an element to the offense which is not there. *People v Clement Anderson,* 111 Mich App 671; 314 NW2d 723 (1981), *People v Bailey,* 103 Mich App 619; 302 NW2d 924 (1981), *People v Garrow,* 99 Mich App 834; 298 NW2d 627 (1980). Then on February 17, 1981, CJI 20:2:04 was deleted by a special committee appointed by the Michigan State Bar. Based on the foregoing authority, the trial judge very properly refused to give the instruction to the jury.

We next inquire whether the trial judge erred

by not *sua sponte* describing to the jury the nature of a sexual act. In this connection defendant refers to the current (May, 1982) commentary found at page 20-46P of Volume III of Michigan Criminal Jury Instructions:

"Last year, the Committee decided to delete two identical instructions, CJI 20:2:04 and 20:4:04, applicable to criminal sexual conduct in the first and third degrees. Both were entitled 'Defintion of Sexual Act.'

"In an unusual case, the following instruction should be considered: 'A sexual act is any act done for sexual arousal, gratification, humiliation or sexual injury, or for any other sexually improper purpose.'

"There was some question in the minds of Committee members as to exactly where the line could be drawn between criminal and noncriminal conduct in a case in which the purpose of an act was not clearly sexual."

Counsel argues that the instant case "involving as it does, both alleged penetration with a finger and the issue of medical treatment" is the type of unusual case where the above suggested instruction "would have been most appropriate". We disagree on two grounds. First, the instruction was not requested. While it is error not to instruct on an essential element of an offense, even though not requested, *People v Liggett,* 378 Mich 706, 714; 148 NW2d 784 (1967), *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), the above instruction does not contain an element or ingredient of the offense, but instead is an explanation of the offense. Counsel cites no authority—and we have found none—where an explanation of an offense as distinguished from an element of an offense must be given by the trial court *sans* request.

Second, defendant was not interposing the defense that he digitally probed his daughter's vagina for purposes of medical treatment. Had that

been defendant's defense, the above instruction would have been appropriate. But that was not defendant's defense. As noted earlier, defendant claimed he never touched his daughter's sexual parts. Though he explained that various members of the family had a staph infection and described in some detail how he would treat them and how he treated his daughter for the infection on her upper thigh, he consistently denied that he ever treated her for a staph infection after deer hunting season commenced. Though penetration for medical purposes is not "sexual" penetration, it was clear to the jury that defendant was not claiming medical penetration, and we believe it is improper for defendant to obliquely try to do so now.

Finally, on this issue, we would note that the trial judge also instructed as to second-degree criminal sexual conduct and specifically to the requirement of touching "with the intent and for the purpose of sexual arousal or gratification". Jury instructions are to be read in their entirety. *People v McFadden,* 73 Mich App 232, 237; 251 NW2d 297 (1977). Thus, the jury was apprised that any touching must have been for sexual gratification. Obviously, the jury did not believe defendant's assertion that the touching was for any purpose other than sexual.

Defendant's second claim of error is that the trial judge improperly declined to instruct on the misdemeanor offenses of accosting or soliciting a child and of indecent exposure. In *People v Stephens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982), the Supreme Court set forth five conditions which must be met before a jury can be instructed on a misdemeanor where the crime charged is, as here, punishable by two or more years of imprisonment. The crime of accosting or soliciting a child

meets four of the *Stephens* conditions and three conditions are met by the offense of indecent exposure. Neither offense meets the third condition. *viz.:* that the requested misdemeanor must be supported by a rational view of the evidence presented at trial.

*Stephens* explained the third requirement as follows:

" 'Proof on the element or elements differentiating the two crimes must be sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense.' *Whitaker,* p 347. *[United States v Whitaker,* 144 US App DC 344; 447 F2d 314 (1971)] (Footnote omited.)" *Stephens,* p 263.

The factual dispute at trial in this case was limited to whether the incident occurred and on appeal is limited to whether the incident was sexual in nature. These factual disputes do not relate to the elements which differentiate the crimes. All the crimes are sexual in nature and to convict for any of the crimes the jury would have to find that the incident occurred. Thus, a rational view of the evidence does not support defendant's request to instruct on the misdemeanors. Accordingly, we find no error.

Affirmed.