PEOPLE v WELCH

Docket No. 90555. Submitted December 9, 1986, at Lansing. Decided February 18, 1987.

Edward J. Welch, Jr., was charged with first-degree criminal sexual conduct in the Genesee Circuit Court. Complainant testified that, as she was walking home after visiting a friend, she met defendant in front of her house, that defendant invited her to accompany him to get some gas, that on the way defendant stopped at a party store and bought a bottle of whiskey and four cans of coke, that defendant drove to a secluded campground area where, after drinking, defendant made sexual advances, and that, when complainant tried to run away, defendant forced her into the back seat and performed anal intercourse. Defendant admitted the purchasing of liquor and driving to the park but testified that it was at complainant's request. Defendant claimed that it was complainant who made the sexual advances and exposed her breasts and, after stating that she did not want to get pregnant, consented to anal intercourse. At the close of proofs, the defendant requested the court to instruct the jury on third-degree criminal sexual conduct and on contributing to the delinquency of a minor, a misdemeanor. The court instructed the jury on both first- and third-degree criminal sexual conduct but declined to give the instruction on contributing to the delinquency of a minor. Defendant was found guilty of third-degree criminal sexual conduct, Judith Ann Fullerton, J., and appealed.

The Court of Appeals *held:*

The court did not err in refusing to give the misdemeanor instruction.

1. The conditions for an instruction on a lesser included misdemeanor offense in a trial for a felony are that there be a proper request specifying the offense, an appropriate inherent relationship between the offense charged and the misdemeanor, a rational basis supported by evidence adduced at trial which

REFERENCES

Am Jur 2d, Criminal Law §§ 649, 1007.

See the annotations in the Index to Annotations under Instructions to Jury.

would justify conviction of the misdemeanor, adequate notice to the defendant where the prosecution requests the instruction that the misdemeanor is one of the charges against which he is expected to defend, and no undue confusion or other injustice as a result of the instruction. The appropriate relationship between the greater and lesser offenses is that they relate to the protection of the same interests and relate in such a way that in general proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater. There was no inherent relationship between the charges in this case.

Affirmed.

CRIMINAL LAW — JURY INSTRUCTIONS — MISDEMEANORS.

The conditions for an instruction on a lesser included misdemeanor offense in a trial for a felony are that there be a proper request specifying the offense, an appropriate inherent relationship between the offense charged and the misdemeanor, a rational basis supported by evidence adduced at trial which would justify conviction of the misdemeanor, adequate notice to the defendant where the prosecution requests the instruction that the misdemeanor is one of the charges against which he is expected to defend, and no undue confusion or other injustice as a result of the instructions; the appropriate relationship between the greater and lesser offenses is that they relate to the protection of the same interest and relate in such a way that in general proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Thomas Jamnik,* for defendant on appeal.

Before: MACKENZIE, P.J., and ALLEN and M. J. SHAMO,* JJ.

ALLEN, J. The sole issue raised in this appeal is

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

whether the trial court committed error by denying defendant's request for a lesser included offense instruction on contributing to the delinquency of a minor, MCL 750.145; MSA 28.340, where defendant was tried on charges of first-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b). The question is of first impression.

Defendant, age 29, was charged with first-degree criminal sexual conduct arising out of an ·August 11, 1985, sexual assault on complainant, a sixteen-year-old neighbor of the defendant. Complainant and defendant knew one another because complainant had previously baby-sat for defendant's son and for defendant's girlfriend's two sons and because defendant had previously bought beer for complainant.

The details of the sexual assault are relatively unimportant in view of the issue raised on appeal. Complainant testified that, as she was walking home after visiting a friend, she met defendant in front of her house, that defendant invited her to accompany him to get some gas, that on the way defendant stopped at a party store and bought a bottle of whiskey and four cans of Coke, that defendant drove to a secluded campground area where, after drinking, defendant made sexual advances, and that, when complainant tried to run away, defendant forced her into the back seat and performed anal intercourse. Defendant admitted the purchasing of liquor and driving to the park but testified that it was at complainant's request. Defendant claimed that it was complainant who made the sexual advances and exposed her breasts and, after stating that she did not want to get pregnant, consented to anal intercourse. A state police officer testified that, after advising defen-

dant of his *Miranda*[1] rights, defendant gave four different stories of the incident.

At the close of proofs, the defendant requested the court to instruct the jury on third-degree criminal sexual conduct and on contributing to the delinquency of a minor, MCL 750.145; MSA 28.340, a misdemeanor. The court did instruct the jury on both first- and third-degree criminal sexual conduct but declined to give the instruction on contributing to the delinquency of a minor. The court explained that there was no "inherent relationship" between the two offenses and cited *People v Whitaker,* 144 US App DC 344; 447 F2d 314 (1971), in support of the court's ruling.

The jury returned a verdict of guilty of criminal sexual conduct in the third degree. Sentenced November 25, 1985, to from five to fifteen years in prison, defendant appeals claiming error occurred in the trial court's refusing to give the instruction on the misdemeanor offense of contributing to the delinquency of a minor.

In *People v Stevens,* 416 Mich 252, 261-265; 330 NW2d 675 (1982), our Supreme Court abrogated the "misdemeanor cut-off" rule of *People v Chamblis,* 395 Mich 408, 429; 236 NW2d 473 (1975), and adopted a five-part test to be used to determine when an instruction on a misdemeanor charge should be given in a felony trial. The Court held a requested lesser included instruction must be given when: (1) there is a proper request; (2) there is an appropriate relationship between the charged felony and requested misdemeanor; (3) the requested misdemeanor is supported by a "rational view" of the trial evidence; (4) the defendant had adequate notice during trial that the misdemeanor is an offense against which he must defend; and (5)

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

the requested instruction does not result in undue confusion or some other injustice. Both the defendant and prosecutor agree that the second condition of the *Stevens* test is the only condition which is an issue in the instant appeal.

The *Stevens* Court explained the second condition as follows:

> The second condition is that there must be an appropriate relationship between the charged offense and the requested misdemeanor. As the *Whitaker* court put it,
>
> "there must also be an 'inherent' relationship between the greater and lesser offense, *i.e.,* they must relate to the protection of the same interest, and must be so related that in the general nature of these crimes, though not necessarily invariably, proof of the lesser offense is necessarily presented as part of the showing of the commission of the greater offense." 144 US App DC 349.
>
> This requirement is also familiar to our jurisprudence. In *People v McDonald,* 9 Mich 150, 153 (1861), the Court found the offense of assault or assault and battery, "included" within an indictment charging felonious assault. In *People v Ora Jones,* 395 Mich 379, 390; 236 NW2d 461 (1975), the Court referred to "the common purpose of the statutes," which protected the same "societal interest." See also *United States v Johnson,* 637 F2d 1224, 1234 (CA 9, 1980); *United States v Stolarz,* 550 F2d 488 (CA 9, 1977), *cert den* 434 US 851; 98 S Ct 162; 54 L Ed 2d 119 (1977), adopting the *"inherent relationship" test. This test is required to prevent misuse of lesser included offense instructions by the defense. Whitaker,* p 349. [416 Mich 262. Emphasis supplied.]

Based on the above direction from the Supreme Court, *two requirements* must be met in order to meet the second *Stevens* condition: (1) the charged offense and the requested misdemeanor must re-

late to the protection of the same societal interest; and (2) there must be an inherent relationship between the two. We look now to the two statutes to determine whether the mandated dual relationship has been met. The criminal sexual conduct statute, MCL 750.520b; MSA 28.788(2), states in relevant part:

> A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:
> (a) That person is under 13 years of age.
> (b) That other person is at least 13 years of age but less than 16 years of age and any of the following:
>
> * * *
>
> (f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration.

The contributing to delinquency of a minor statute, MCL 750.145; MSA 28.340, states in pertinent part:

> Any person who shall by any act, or by any word, encourage, contribute toward, cause or tend to cause any minor child under the age of 17 years to become . . . delinquent so as to come or tend to come under the jurisdiction of the juvenile division of the probate court, . . . whether or not such child shall in fact be adjudicated a ward of the probate court, shall be guilty of a misdemeanor.

Defendant argues that both the felony statute and the misdemeanor statute protect the same societal interest, viz.: the protection of minors from anything which could cause them to come within the jurisdiction of the juvenile court, including their participation in sexual activities.

However, despite this conclusionary statement, which tends to support a positive finding on the first requirement, defendant fails to show how the elements of the two statutes are so "inherently related" that proof of the lesser is necessarily shown as part of the commission of the greater.

In the instant case, the proofs relative to the felony offense bear no relationship to the elements of the misdemeanor offense. Since the complainant herein was sixteen years of age, the prosecutor was required to show force or coercion to accomplish penetration plus physical injury in order to establish that the crime of first-degree criminal sexual conduct was committed. By offering such proofs, the prosecutor would in no way establish that defendant did any act to cause the complainant to come within the jurisdiction of the probate court. For, if complainant did not consent to the sexual assault, it does not follow that defendant's conduct would cause complainant to become delinquent. Thus, proof that defendant contributed to the delinquency of a minor would not be presented under the facts of this case, necessarily or otherwise, as part of a showing that defendant committed criminal sexual conduct. Accordingly, these two offenses are not "inherently related."

We note that, if defendant's testimony were to be accepted, defendant could not be convicted of violating the felony or the misdemeanor statutes at issue. No law prohibits a sixteen-year-old girl from engaging in consensual sex. Therefore, it would be difficult to conclude that defendant did any act that could be characterized as criminal sexual conduct or that his conduct would cause complainant to come within the jurisdiction of the probate court. Accordingly, even accepting defendant's testimony as true, we cannot find that an instruction on contributing to the delinquency of a

minor was supported by a rational view of the evidence. Furthermore, while buying and supplying alcohol to a person under eighteen might bring defendant within the misdemeanor statute, a jury instruction would nonetheless be inappropriate since supplying alcohol to a minor is not a necessary element of criminal sexual conduct.

In summary, we fail to find the "inherent relationship" so necessary to justify a jury instruction on a misdemeanor offense. Unlike the situations in *Stevens* and *Whitaker,* the cases on which defendant relies, there is no necessary overlap between the felony charged and the misdemeanor offense requested. In *Stevens,* defendant was charged with breaking and entering an office with intent to commit a felony, and at the close of proofs defense counsel requested an instruction on the misdemeanor of entering without permission. It is impossible to break and enter with intent to commit larceny without first having entered without permission.

In *Whitaker,* defendant was charged with burglary of a private residence and at the close of proofs requested that the jury be instructed on unlawful entry. The trial court refused the request on the grounds that in some instances burglary can be accomplished where the entry is permitted. On appeal the court reversed on grounds that, on the proofs presented, defendant broke down the front door and, thus, there was a close and necessary relationship between the felony charged and unlawful entry.

> The indictment was couched in terms under which proof of breaking and entering could be proved as part of the burglary. It was so proved, and there can be absolutely no doubt that the defense was aware that the prosecution would

attempt to show breaking and entering as part of its case (a point developed more fully *infra*).

We therefore hold that the test of a lesser included offense was met; in this case unlawful entry was a lesser included offense of the greater offense of burglary. [144 US App DC 350.]

But in the instant case no proofs were presented that the complainant would become a delinquent or that defendant was in fact contributing to a minor's delinquency. Accordingly, we find no error in the trail court's denial of defendant's request to charge the jury on the misdemeanor offense of contributing to the delinquency of a minor.

Affirmed.