Kelly, J.
(concurring). I agree that it was error for the trial court to refuse to instruct the jury on the lesser included misdemeanor offense of breaking and *395 entering without permission.[1] I also agree that the error was not harmless, under either the Stephens[2] test for lesser included misdemeanor instructions or under the newly articulated Cornell[3] framework that replaces Stephens. I therefore concur in the result.
I write separately to point out that the decisions in Cornell and Silver evidence the difficulty of applying the rules established by the Cornell majority. The rule to be applied in this case, pursuant to Cornell, is that a trial court’s erroneous refusal to deliver lesser included offense instructions requires reversal only where substantial evidence supported the instructions. In this case, there was no evidence to contradict defendant’s claim that he did not intend to steal when he entered the house. Instead, there was substantial evidence supporting giving instructions for breaking and entering without permission.
This is not to say that evidence supporting a requested instruction must always be uncontroverted to be deemed substantial. I point out that the defendant in Cornell advanced a more convincing case for breaking and entering without permission than did the defendant in Silver. Mr. Cornell broke into the “Heston house,” a local attraction because it was the boyhood home of actor Charlton Heston. Although there was evidence to contradict his claim that he did not intend to steal, there was also evidence supporting his position. Moreover, the jury in Cornell believed the defendant when he claimed that he had no intention of burning the house, and acquitted him *396 of the charged arson. MCL 750.73. The jury could have believed just as easily that Mr. Cornell did not intend to steal anything. Mr. Cornell made an even stronger case that the error required reversal under the substantial evidence test than did Mr. Silver, who claimed he only wanted to use the bathroom.
Unlike my dissenting colleagues, I believe that both Cornell and Silver were cases of error requiring reversal, rather than harmless error or no error at all. The Cornell majority has created an unworkable rule that even it cannot agree to apply in more than an arbitrary fashion. It is clear from today’s decisions that the Cornell rule leads to arbitrary results.
Cavanagh, J., concurred with Kelly, J.

 MCL 750.115(1).

 People v Stephens, 416 Mich 252; 330 NW2d 675 (1982).

 People v Cornell, 466 Mich 335; 646 NW2d 127 (2002).