Markman, J.
I respectfully dissent. As stated in People v Cornell, 466 Mich 335; 646 NW2d 127 (2002), a trial court should instruct the jury regarding a neces *399 sarily included lesser offense if the “charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it.” Here, I do not believe that the disputed issue, the element of intent to commit a felony within the dwelling, was supported by a rational view of the evidence.
In this case, defendant, an utter stranger to the victim, was discovered inside the victim’s home, from which a small amount of money was subsequently found to be missing. Upon being discovered in the home by the victim, defendant asserted, “I was just here to use your potty.”[1] On the basis of this evidence, and nothing more, the majority concludes that the issue of defendant’s intent to commit a felony was placed in dispute, and that defendant’s contention that he lacked such intent was supported by a “rational view” of the evidence.
I disagree. It is not the law that any theory asserted by a defendant, no matter how preposterous, must be treated as the equivalent of a “rational view” of the evidence, thereby requiring an instruction. Trial courts need not suspend their common sense in assessing what constitutes a “rational view” of the *400 evidence.[2] Indeed, I am concerned that, while the ink is not yet dry on Cornell, the majority is transforming the standard for instructions on necessarily included lesser offenses by effectively reading out of the law the requirement that there must be a “rational view” of the evidence in support of such instructions.[3] Instead, what appears dispositive for the majority here is that there was a “dispute,” a dispute evidenced exclusively by defendant’s “potty” statement. The mere fact of such dispute apparently compels an instruction, and the absence of such an instruction requires that defendant’s conviction be reversed. However, the additional requirement of Cornell that a “rational view” of the evidence must exist in support of an instruction implies that, in some circumstances, there will be no such “rational view,” despite the existence of a genuine “dispute.” This further implies, contrary to the majority, that not all issues of “believability [are] for the jury to decide.” Ante at 394. The “rational view” requirement makes clear that the trial court must bring some degree of judgment to its responsibilities, and that neither the trial court nor the jury need be infinitely credulous in seeking to ascertain the truth.
Because I do not believe that the requested lesser offense instruction here was supported by a “rational *401 view” of the evidence,[4] the trial court did not err, in my judgment, in failing to give such an instruction. Therefore, I would affirm defendant’s conviction.[5]

 As Justice Weaver’s dissent correctly points out, the evidence further shows that the victim testified that, upon returning home, she heard a noise in the kitchen, not the bathroom; money was missing from a dresser in her bedroom, not the bathroom; and there is no evidence whatsoever that defendant had ever used the bathroom. Contrary to the majority’s contention, there are many forms of evidence that might suffice to show that one has recently been in a bathroom, e.g., fingerprints, shoeprints in or approaching the bathroom, an unflushed toilet, a raised toilet seat, a wet towel or basin, wet soap, and so forth. In any event, it should not be seen as surprising that, the more incredible the defense, the less evidence can generally be found in support of it.

 That, as the majority observes, it was defendant’s “unvarying position” that he was merely in the home in order to use the “potty” does not transform an irrational argument into a rational one.

 If the majority is not, in fact, altogether reading this requirement out of the law in this case, it is at the very least transforming the concept of a “rational view” of the evidence into a “not a logically impossible view” of the evidence.

 Much less is it the case that the evidence presented here “clearly” supported the defendant’s requested instruction, thereby compelling reversal in the absence of such an instruction. Cornell, supra.

 While, as the majority feels impelled to point out, I am in the minority in this case, this tends to be true of those who dissent. Ante at 394 More to the point, the majority considerably overstates my isolation. First, a review of the Court of Appeals analysis indicates that it did not specifically analyze the “rational view” of the evidence; instead, it focused on the fifth prong of the test in People v Stephens, 416 Mich 252, 260; 330 NW2d 675 (1982), stating that a requested lesser included offense instruction must not result in undue confusion or injustice. Specifically, the Court concluded that the trial court erred in its refusal to instruct because “the use of similar terms in the two offenses [would not] create confusion for the jury.” Unpublished opinion per curiam, issued May 23, 2000 (Docket No. 212508) at 2. Despite such a conclusion, two members of the panel still determined that the error was harmless. Second, I note that the chasm between myself and Justice Weaver’s dissent may be considerably less wide than suggested by the majority; her dissent characterizes defendant’s “bathroom argument” as one that is of a “borderline nature,” ante at 398, and concludes that the instructional error was harmless. Finally, I note that the trial judge himself, who sat through the entire trial, concluded that no lesser included offense instruction was warranted in this case.
In further response to the majority, it is not merely a “gentleman” who would not invade the home of a stranger, but it is any person who is prepared to live by the fundamental norms of society. Ante at 394. While the majority is correct that the jury has a broad fact-finding role, such role has never been without limits. No jury has a right to nullify, nor has the jury here asserted such a right to nullify, the fundamental rules of society by exonerating individuals charged with serious crimes on the basis of preposterous and irrational defenses.